```
                    UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF ILLINOIS


REBEKAH HILLMAN, et al.,      )
                              )
           Plaintiffs,        )
                              )
      vs.                     )   Civil No. 4:21-04081
                              )
The Toro Company,             )
a corporation,                )
                              )
           Defendant.         )


      TRANSCRIPT OF RECORDED TELEPHONIC PROCEEDINGS
         BEFORE THE HONORABLE JONATHAN E. HAWLEY
           STATUS CONFERENCE HEARING/ORAL RULING
                APRIL 12, 2023; 9:28 A.M.
                    PEORIA, ILLINOIS

APPEARANCES:

For the Plaintiffs:      ANDREW L. MAHONEY, ESQUIRE
                         STEVEN J. CROWLEY, ESQUIRE
                         Crowley & Prill
                         3012 Division Street
                         Burlington, Iowa  52601

For the Defendant:       KIRK T. FLORENCE, ESQUIRE
                         Kilpatrick, Townsend & Stockton, LLP
                         2001 Ross Avenue, Suite 4400
                         Dallas, Texas  75201

                         THOMAS G. GRACE, ESQUIRE
                         McVey & Parsky, LLC
                         30 N. LaSalle Street, Suite 2100
                         Chicago, Illinois  60602


                    Transcribed By:
             Jennifer E. Johnson, CSR, RMR, CRR
                 U.S. District Court Reporter
                  Central District of Illinois

Proceedings recorded by electrical sound recording;
proceedings recorded by mechanical stenography from
said recording; transcript produced by computer
```

1          (Proceedings held in open court.)
2          COURTROOM DEPUTY:  Calling the case of
3    Hillman, et al., vs. The Toro Company, Civil Case
4    21-4081.
5          Counsel, please enter your appearance.
6          MR. MAHONEY:  Andrew Mahoney with Crowley &
7    Prill for the plaintiffs.
8          MR. FLORENCE:  Kirk Florence at Kilpatrick,
9    Townsend for the defendant, The Toro Company.
10         MR. GRACE:  Tom Grace with McVey, Parsky on
11   behalf of the defendant, The Toro Company.
12         THE COURT:  This is Magistrate Judge Jonathan
13   Hawley.  I'd note for the record all counsel and
14   myself are appearing by telephone.
15         This matter is set today for a presettlement
16   conference.  As you all know, we have a settlement
17   conference set in person here in Peoria beginning
18   at 10 a.m. on April 25th, 2023.  Set this matter
19   just to go over some of the expectations for the
20   settlement conference.
21         First of all, from Plaintiffs' point of view,
22   Mr. Mahoney, who are you going to have present with
23   you at the settlement conference here?
24         MR. MAHONEY:  I believe as far as counsel
25   goes, it's going to be Steve Crowley and Ed Prill.

1  And I think we're going to have Rebekah and
2  Jennifer there as well (inaudible).
3         THE COURT:  Okay.  And, Defense Counsel, who,
4  who will be participating in person?
5         MR. FLORENCE:  Your Honor, this is Kirk
6  Florence.  I will be there.  Tom Grace is also on
7  the phone this morning and will be there.  And
8  David Crossley from The Toro Company, in-house
9  counsel for The Toro Company.
10        THE COURT:  Okay.  Regarding the presettlement
11 statements, as you know, those are due to me on
12 April 20th.  What I'm looking for in those, you
13 send those to me, me alone, to the email address
14 that is listed in the text order setting the
15 settlement conference.  Send those to me as an
16 email with a PDF attachment.  You can send it in
17 any format as far as, you know, letter form,
18 however you want to do it.  I don't care.  No
19 length requirements.
20        You can assume that I'm familiar with the
21 docket, and, of course, I've been very involved in
22 the case going over a number of different issues so
23 you don't need to re-invent the wheel here.  What
24 I'm really looking for is sort of a brief overview
25 of your position as it relates to strengths and

```
 1  weaknesses in the case, any history of settlement
 2  negotiations that have occurred up to the point of
 3  the settlement conference, and any facts that I
 4  can't get from the record that you think or other
 5  information that would be relevant for purposes of
 6  the settlement conference from the point of view of
 7  the mediator.
 8        Any questions about what I'm looking for in
 9  those presettlement statements, Mr. Mahoney?
10        MR. MAHONEY:  No, Your Honor.
11        Just for the record, Steve Crowley just did
12  pop in the room here.
13        THE COURT:  Okay.
14        MR. CROWLEY:  I'm sorry, Your Honor.  I'm a
15  little late.
16        THE COURT:  No problem.
17        Mr. Florence, any questions about what I'm
18  looking for in the presettlement statement?
19        MR. FLORENCE:  No, Your Honor.  I think it was
20  -- it's pretty clear what you're looking for from
21  your description.
22        THE COURT:  Have there been -- I'll ask
23  Plaintiffs' Counsel first.  Have there been any
24  settlement discussions, any sort of demand,
25  response, or are we starting from scratch, just to
```

1  get an idea of who's going to be putting the first
2  number out at the settlement conference,
3  Mr. Crowley?
4       MR. MAHONEY:  Yes, Your Honor.  Plaintiffs
5  made a demand -- I don't know how many months ago
6  -- made a demand, and there's been no response to
7  it.
8       THE COURT:  Okay.  Then it will be my
9  expectation that the defense will start with a
10 response to the initial demand after I talk to both
11 sides.
12      Mr. Florence, does that comport with your
13 understanding of where we're at?
14      MR. FLORENCE:  Yes, Your Honor.
15      THE COURT:  And is there -- will there be any
16 insurance representative there or available, or how
17 does that work?
18      MR. FLORENCE:  The, the claim is, is
19 essentially self-insured.  There is another layer
20 of excess insurance.  We can have a person from
21 that insurer available, if needed, but that's not
22 our expectation --
23      THE COURT:  Okay.  Just --
24      MR. FLORENCE:  -- (inaudible) conference.
25      THE COURT:  So, that -- any other questions

1  about the settlement conference before I move on to
2  the issue that's still outstanding regarding the
3  assertion of attorney-client privilege on the
4  documents that were submitted to me for in camera
5  review?
6      Any questions about the settlement conference,
7  anything related to it, Mr. Crowley?
8      MR. MAHONEY:  This is Andrew Mahoney, and I
9  just had one question.  Is there any preference as
10 far as the formatting goes, whether you want a
11 PowerPoint or letter format presentation, anything
12 like that?
13     THE COURT:  Just a letter format is fine.
14 There won't be any sort of joint presentation.
15     I'll, I'll probably do a -- I'll separate both
16 sides out, you know, from the beginning so you'll
17 be in different areas.  I'll come talk to each side
18 separately so there's not going to be any kind of
19 presentation jointly or to me.  And I'll just talk
20 to, you know, each side separately and then go back
21 and forth.  So, just -- presettlement statement,
22 just put it in a letter form is fine.
23     Mr. Florence, anything else?
24     MR. FLORENCE:  No, Your Honor.
25     THE COURT:  Okay.  So, I have -- as you all

know, there was an outstanding issue regarding assertion of privilege -- attorney-client privilege to a set of documents, and I had, at the last hearing, asked for the defendant to submit those documents to me in camera for my review.

I've completed that review, gone through each of these documents individually.

A couple questions first. So, I have this privilege log, and I think -- I just want to make sure that the privilege log is larger than the actual documents that I had to review. And by my count, if I'm correct -- and, Mr. Florence, or someone from your team, if you can confirm this. My assumption is that there are certain documents that -- I believe this was the case when we had the last call -- had been produced, but they're still on the privilege log, so I, I didn't -- I did not have copies or did not have copies to review of Documents Number 15, 27 -- I'm sorry, 15, 17, 18, 19, 20, 22, 23, 24, 26, 27, 28, 29, 31, 32, 34, 35, 36, 37, 38, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49 and 50.

Am I correct that those -- I just did not see those as part of the attachment of the actual documents. Mr. Florence, do you --

1           MR. FLORENCE:  Your Honor, I don't have the --
2    this is Kirk Florence, Your Honor.  I don't have
3    the log in front of me, but my understanding from
4    the last hearing was that the Court -- there were
5    two types of documents on the privilege log.  There
6    are some that were withheld in their entirety, and
7    then there were some that had redactions of
8    discrete, small portions of the documents.
9           And I believe what Your Honor told us was you
10   wanted to look at the documents that were withheld
11   in their entirety only and not to submit ones that
12   were redacted.
13          And I think you will see that there should be
14   a match-up between the numbers that you read off on
15   the privilege log; those should all be the
16   documents that say that they are redacted as
17   opposed to withheld in their entirety.
18          THE COURT:  Gotcha.  Yep.  That's right.
19   Okay.  I thought the subset of redacted documents
20   was substantially larger than that.  That makes
21   sense then because, you're right, they do match up
22   with where it says "redacted."
23          Okay.  So, I -- what I'm prepared to do today
24   is to tell you, after my independent review of
25   these documents -- and I've gone through the set of

1  documents three times as well as had my law clerk
2  go through them without knowing what my opinion was
3  as it relates to whether or not these documents
4  were privileged, got her input as well, and what I
5  have concluded, and I'll sort of go through and
6  tell you specifically, there are certain documents
7  that I think should be produced with redactions,
8  and then there are others that I think should be
9  produced in their entirety.
10      The overarching reason why all of the
11 documents that I think should be produced should be
12 produced is that, in my opinion, they don't meet
13 the standard for attorney-client privilege because
14 they don't contain legal advice.  Every single one
15 of the documents that I'm ordering be produced fall
16 within that category.
17      There are other documents included that also
18 don't meet other requirements of the
19 attorney-client privilege, but at a minimum, the
20 documents that I'm ordering be produced are because
21 they don't, in my opinion, contain any legal advice
22 which is the sort of touchstone of the
23 attorney-client privilege.  Some of the documents
24 are not a communication, you know, between counsel
25 or from counsel or -- you know, an example is a

1  document that might be from The Toro Company, and
2  it has no recipients, and it contains no legal
3  advice.  Like it doesn't meet any of the criteria
4  that would fall under the attorney-client
5  privilege.
6      But again, sort of broadly, at a minimum, each
7  of these documents doesn't meet the requirement of
8  containing legal advice.
9      So, I'm going to go through the list of
10 documents where I think there are redactions that
11 are necessary, where there is legal advice
12 contained in the document, and I will tell you
13 precisely what the document is and what the --
14 where the redaction should be, and then I'll go
15 from there.
16     So, looking at this list -- and I would
17 encourage you to take notes because I'm not going
18 to put all this in the minutes from the hearing.
19 Of course, the recording will be available, but
20 there's not a lot to go through here.
21     So, the first document that I want to address
22 is Document Number 3.  And Document Number 3, I
23 believe that the last line of that document should
24 be redacted because it contains legal advice.
25     The next document is Document Number 6.

Again, I think the last line of that document should be redacted because it contains legal advice.

Document Number 8, the last paragraph -- I'm sorry, paragraph 5 should be redacted because it contains legal advice.

Document 10, paragraph 12 and 13 should be redacted because those contain legal advice.

Document 16, paragraph section -- well, I'll say section -- Section III, capital A, should be redacted as it contains legal advice.

Document 21, Section Roman numeral V, the last line only should be redacted as it contains legal advice.

Document Number 25, Roman numeral Section IV, capital B, that entire section there -- IV(B) -- should be redacted as it contains legal advice. And Section Roman numeral IV(C), the first and second sentences should be redacted as containing legal advice.

Document Number 30, from what I can tell, is an exact duplicate of Document Number 16 and should contain the same redactions as I stated for Document Number 16.

Document Number 33, from what I can tell, is

an exact duplicate of Document Number 21 and should also contain the same redactions as Document Number 21.

Document Number 39 contains legal advice in Section Roman numeral IV(A). That entire section should be redacted. Section IV -- Roman numeral IV(N), the first sentence should be redacted as containing legal advice. And Section Roman numeral IV(Q), Sections 2 and 7, should be redacted in their entirety, containing legal advice.

That is the sum total of the redactions. It is my opinion that the remainder of the documents and the remainder of the sections in the documents that require redactions do not, at a minimum, contain legal advice and should be produced to the plaintiff.

I'll give the defendant seven days to complete the redactions that I've noted and then produce the documents to the plaintiff.

If I had -- as I had said at the previous hearing, Plaintiffs' Counsel, that my intention was to review the documents that were withheld -- and I appreciate Mr. Florence reminding me of this -- in their entirety, and that if it became necessary to review the other redactions, I would do so.

1    I think that in light of my ruling today that
2 I'm going to ask that Defense Counsel review again
3 the redactions they have made to the other
4 documents that were not included in this group and,
5 if there are any changes to those redactions, to
6 produce the unredacted additional material to the
7 plaintiff within the same seven days I stated.
8    And then if there are remaining redactions or
9 there are no redactions that have been changed,
10 that Mr. Crowley can file a brief motion asking
11 that the Court review those redacted documents for
12 in camera review as well.
13    Okay.  Any questions about that, Plaintiffs'
14 Counsel?
15    MR. CROWLEY:  No, Your Honor -- this is
16 Mr. Crowley -- I -- that's fine.  I think that's,
17 that's the most efficient way to (inaudible).
18    THE COURT:  Okay.  Mr. Florence, any
19 questions?
20    MR. FLORENCE:  No, Your Honor.  We understand
21 your, your ruling.  I believe we have all the notes
22 or we can go back to your -- to the recording, if
23 needed, to clarify anything.
24    THE COURT:  Okay.  Anything else from
25 Plaintiffs' Counsel?

1    MR. CROWLEY:  I don't think so, Your Honor.  I
2 think we're, we're clear.
3    THE COURT:  Okay.  Defense Counsel?
4    MR. FLORENCE:  No, Your Honor.
5    THE COURT:  Okay.  We'll be in recess.  You
6 all have a good rest of the week.
7    MR. FLORENCE:  Thank you.
8    MR. CROWLEY:  Thank you, Judge.
9    (Proceedings concluded.)
10
11
         <u>CERTIFICATE OF OFFICIAL REPORTER</u>
12
13    I, Jennifer E. Johnson, CSR, RMR, CBC, CRR,
in and for the United States District Court for the
14 Central District of Illinois, do hereby certify
that pursuant to Section 753, Title 28, United
15 States Code that the foregoing is a true and
correct transcript to the best of my ability of the
16 recorded proceedings held in the above-entitled
matter and that the transcript page format is in
17 conformance with the regulations of the Judicial
Conference of the United States.
18
     Dated this 1st day of May, 2023.
19
20         <u>/s/ Jennifer E. Johnson</u>
         JENNIFER E. JOHNSON
21         CSR, RMR, CBC, CRR
         License #084-003039
22
23
24
25