# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, ROCK ISLAND DIVISION

REBEKAH HILLMAN, individually and as
next friend of P.J.H., a minor; AND
JENNIFER HILLMAN

               Plaintiffs,

v.

THE TORO COMPANY, a corporation,

               Defendant.

No. 4:21-cv-04081-SLD-JEH

---

**PLAINTIFFS' SUPPLEMENTAL AFFADAVIT AND EXHIBITS IN SUPPORT OF:**

**PLAINTIFFS' CERTIFICATION OF COMPLIANCE WITH FED. R. CIV. P. 37, LOCAL RULE VII (COURT'S STANDING ORDER) AND PLAINTIFFS' MOTION FOR SANCTIONS AGAINST TORO (FED. R. CIV. P. 37(a) & 37(b)).**

**(ORAL AGUMENT REQUESTED)**

---

COME NOW the plaintiffs, by and through their counsel of record, and hereby submit this Supplemental Affidavit in support of Plaintiffs' previous filings, Plaintiffs' Motion for Sanctions Against Toro (Doc. 105) and Brief (Doc. 105-7), and Counsel's Certification of Compliance with Local Rule VII, contained therein, and provide this additional, relevant information to the Court.

### SUPPLEMENTAL AFFADAVIT TO COUNSEL'S PREVIOUS CERTIFICATION OF COMPLIANCE WITH FED. R. CIV. P. 37 AND LOCAL RULE VII (DOC. 105)

I, Steven J. Crowley, by my signature affixed hereto, do hereby depose and state:

Since submitting my initial certification with Plaintiffs' Motion for Sanctions (Doc. 105) for Toro's violation of the Court's Order Compelling Discovery (Doc. 55), additional examination of the Court records, evidence and communications have come to light, which bear directly on this Motion. This Affidavit supplements information previously provided.

Shortly after Plaintiffs filed their Motion for Sanctions, Toro sent a threatening letter to Plaintiffs' counsel, dated August 25, 2023 (attached hereto as Exhibit I), accusing Plaintiffs' counsel of failing to comply with this Court's Standing Order (Doc. 14), Section VII, and even quoting Plaintiffs' counsel and the Court at the March 16, 2023 hearing, when Plaintiffs' counsel actually inquired if the Court's requirements of Section VII of the Standing Order applied to discovery disputes involving a motion under Rule 37, regarding sanctions for failure to comply with an order compelling discovery. Plaintiffs' counsel was clearly trying to avoid a discovery dispute, if possible, and to make sure he complied with the Court's Order if it became necessary.

I submit that I did more than required by Section VII, with respect to the issues raised in the Motion for Sanctions, because:

a. Contrary to the claims of Toro's counsel cited below, I inquired of defense counsel (on several occasions before July of 2023), why, after the Court entered its Order Compelling Discovery, Toro thought it was entitled to redact contact information from the list of OSI's for Interrogatory No. 9. So, I did meet, and conferred, about the missing OSI information before I raised it in front of the Magistrate Judge during the discovery hearing on July 14, 2023. (See discussion and transcript quotes below below) Every time I asked defense counsel about the redactions, they directed me to the thousands of documents, indexes and lists Toro created and sent as an Answer to the Interrogatory under Fed. R. Civ. P. 33(d). (For example, see Doc. 105-2)

b. Even after the July 14, 2023 hearing, where I asked the Court for permission to depose Ms. Dahl to find the redacted information from Toro's convoluted and complex Answer to Interrogatory No. 9 using Fed. R. Civ. P. 33(d), Toro offered no assistance in finding the information sought.

c. I continued to raise the issue with Toro so we might meet and confer and then have a second informal discovery hearing before the discovery deadline (August 18, 2023), which forced me to file the Motion for Sanctions. Toro ignored my offers to meet and confer, stalled, and then claimed the issue was not ripe for discussion with the Magistrate. (See Doc. 105-2) Again, Toro's lawyers referred me back to the big puzzle they had created to answer Interrogatory No. 9, as if I would find the contact information of the 53 victims if I and my staff just kept digging. I and staff tried a third time, and could find nothing that provided the redacted information.

d. From June 21, 2022, through August 14, 2023 (13 months), **Toro made absolutely no mention of any objection to disclosing the personal information of non-parties as**

**justification for redacting and keeping secret, the contact information of the names from document TTCHillman00229239, Toro's proffered list of OSI's sent as part of their Answer to Interrogatory No. 9.** (SEALED Doc. 106) It was not until I received Mr. Grace's letter dated August 14, 2023 (Doc. 105-5), that any Toro representative claimed to be withholding the redacted information based on this unsupported and overruled legal objection.

e.  In December of 2021, Toro had interposed an objection to Interrogatory No. 9, as requesting the production of personal contact information of non-parties in its first response to Interrogatory No. 9 (Doc. 105-8) However, that objection, along with "all general and specific objections" to the Interrogatories (including No. 9), **were expressly overruled by the Court seven months later in the Order Compelling Discovery, dated June 21, 2023. (Doc. 55, p. 5)**

f.  Mr. Grace's letter to Mr. Crowley, dated August 14, 2023 (Doc. 105-5), was the first time since the Court's Order of June 21, 2023, and Toro's July 21, 2023 Supplemental Answer to Interrogatory No. 9, that any Toro lawyer claimed they had withheld the names of 53 OSI victims because Toro objected to the production of personal information of non-parties, an objection made in December of 2021 and overruled by the Court in June of 2022.

g.  So, for the last 13 months (since July 2022), Toro has been flagrantly disregarding the Court's Order overruling the very objection Grace makes in the letter by redacting the information and then telling Plaintiffs' counsel that it is buried in hundreds of pages of documents, different lists, and indexes **when in fact, Toro and its counsel knew the information was not there all along.**

h.  Thus, the record now reflects that Toro took it upon itself to intentionally violate the Court's Order overruling the "non-party personal information" objection, then, since July 21, 2022, kept the redacted information secret to confuse, stall and make false representations to counsel and the Court, hoping neither Plaintiffs' counsel or the Court would discover the scheme.

i.  Since the real reason why Toro now claims it was withholding the redacted contact information (in contempt of the Court's explicit Order) was never disclosed or communicated in any way by Toro until August 14, 2023, Plaintiffs' counsel could not successfully "meet and confer", nor the Court even consider the apparent discovery dispute, because Toro was claiming the information was contained in documents and lists and indexes, when that is now clearly false.

Not surprisingly, with discovery already closed, the threatening letter of August 25, 2023 (attached hereto as Exhibit I), ended with a demand by Toro that Plaintiffs withdraw their Motion for Sanctions immediately, and offered no information from the "conference call with Toro's

corporate counsel they claimed they had a few days before the close of discovery.  If Plaintiffs

withdrew their Motion, as demanded by Toro, Section VIII of the Standing Order (no discovery

motions may be filed after the close of discovery) would have prohibited any attempt to resurrect

or refile the Motion for Sanctions.

After being accused of intentionally violating Section VII, Plaintiffs' lawyers closely reviewed

the record and confirmed that:

a.  Plaintiffs' counsel had met and conferred about the "redacted" contact information of 53 victims of loss of control, tip overs and rollovers long before July of 2023. So, August of 2023 was not the first time they asked Toro's counsel for the redacted information.

b.  Before August of 2023, when asked, Toro's counsel refused to provide any further assistance or guidance to help find the redacted contact information for the 53 unidentified victims on their document labeled TCCHillman00229239 (SEALED Doc. 106). Counsel for Toro continued to claim that the information was buried in documents produced on July 21, 2023, and Plaintiffs' counsel, and their staff, just had to keep looking to find the information pursuant to Fed. R. Civ. P. 33(d). (See Doc. 105-2).

c.  When, after many days of, again, combing through Toro's proffered "Answer" to Interrogatory No. 9, Plaintiffs could not find the identities or contact information of the redacted people, they attempted to depose Amy Dahl, chief counsel for Toro to a) discuss her recent Affidavit (regarding the privilege issue) with her and b) to try to find out why the legal department of Toro produced hundreds of pages of documents, instead of just providing the names and addresses and contact information for these 53 people who were either seriously injured or killed by ZRT mowers made by Toro.

d.  From July 21, 2022, until July of 2023, Toro's counsel insisted that the missing, redacted contact information was contained in the myriad of documents (hundreds, in fact) that Toro produced in July of 2022, and if Plaintiffs just kept digging, they could find the information. (See Doc. 105-2) It is now a fact that these representations to Plaintiffs' counsel were not true and, during an oral argument/discovery hearing on July 14, 2023, Toro's counsel made a similar false representation to the Court.

e.  When Plaintiffs' counsel could not find the redacted information, despite the assurances of defense counsel, they tried to depose Ms. Dahl to find out what information existed in the legal department of Toro, and ask why it had not been simply disclosed in the Answer to Interrogatory, AS ORDERED BY THE COURT (Doc. 55, p. 6).

**HOW DID TORO ANSWER INTERROGATORY NO. 9 AFTER BEING ORDERED TO DO SO BY THE COURT?**

 An understanding of the duplicity and severity of Toro's violation of the Court's Order Compelling Discovery, and the significance of the representation made by Toro at the July 14, 2023 hearing, requires a brief outline of the history of how Toro violated the Court's Order compelling discovery while making representations to both Plaintiffs' counsel and to this Court that are apparently quite false.

 Interrogatory No. 9, regarding other similar instances of injury on ZRT mowers, was first served on September 9, 2021. Doc. 105-8 is a true copy of all Toro's objections to Interrogatory No. 9, which was served on November 8, 2021.

 Toro's first Answer to Interrogatory No. 9, in November of 2021, were all objections, including: "***This request also invades the privacy rights of consumers who are not parties to this lawsuit by requesting consumers names, and other person identifying information.***" (Doc. 105-8, p. 6) Toro made additional objections to Interrogatory No. 9 until, on June 21, 2022, the Court issued its Order compelling discovery, in which the Court overruled all "general and specific objections" to the Interrogatories, including Interrogatory No. 9. <u>So, Toro's objection to providing personal contact information of "non-parties" was overruled along with all other objections by the court on June 21, 2022.</u> This fact will become more important as the Court reviews additional history, claims and statements of Toro-especially Mr. Grace's letter to Mr. Crowley dated August 14, 2023, when Grace claims, **for the first time since July of 2022, that Toro has been withholding the redacted contact information based on an objection that it requires the disclosure of personal information of non-parties. (See Doc. 105-5) (Emphasis mine)**

 So, as of June 21, 2022, the Court had overruled all objections including Toro's previous objection about disclosing contact information of so-called "non-parties". Despite the Court's unambiguous Order, Toro has been withholding the redacted contact information (or had destroyed

it?) for over a year under an objection that was already overruled by the Court in its June 21, 2022 Order Compelling Discovery.

On July 21, 2022, after the Order Compelling Discovery (Doc. 55), Toro produced the Answer set out in Doc. 105-11, identifying "Exhibit J" (SEALED Doc. 105-12). Toro produced what it called "Exhibit A", which was nothing more than a list created by the legal department of only 8 OSI's, including the names of 8 people. However, there were other lists containing other incidents that were separated by Toro. Buried within "Exhibit J" (SEALED Doc. 105-12), was another, much larger, list of OSI's, including 73 incidents (SEALED Doc. 106).

Once Plaintiffs' counsel dug down through the file path to find the "big list" of incidents, (SEALED Doc. 106), they found the redaction of all contact information from 53 of 73 incidents. I began asking Toro for the redacted contact information, citing the Court's ruling. (Most recently, see Doc. 105-3)

When I asked Toro to just give us the redacted names and addresses as ordered by the Court, I was told to keep digging. (Doc. 105-2, p. 3) More importantly, when I asked Toro to, again, meet and confer about the missing information so we could repeat previous discussions before the Court about this identical dispute (missing OSI contact information), Toro objected and said the dispute was not ripe for another hearing until I kept digging in the index and hundreds of documents produced with the Answer. (Doc. 105-2)

So, on August 10, 2023, despite the fact that we had already discussed this issue (missing contact information) before the Court on July 14, 2023, Toro's counsel did not think the issue was "ripe" yet for more discussion with the Magistrate (Doc. 105-2, p. 1.) and, of course, the deadline for discovery closure and filing any Motion for Sanctions was 8 days away.

After repeated attempts to find the redacted information in the thousands of documents produced and referenced in various cryptic indexes, it had become clear to me and my staff that the information was just not there, or, if it was, there was simply no way to identify it or to cross reference it to the list to confirm it belonged to any individual incident.  Either way, we became convinced now that Toro had to have violated the Court's order.

## ORAL ARGUMENT AND DISCOVERY HEARING OF JULY 14, 2023

Plaintiffs' counsel asked to depose Amy Dahl, Toro's chief counsel, on two subjects. First, Plaintiffs wanted to ask Dahl questions generated by her Affidavit in support of Toro's claimed privilege of Safety Committee meetings and, second, counsel wanted to ask Dahl what information still existed in the legal department, and why Plaintiffs were not simply provided with the contact information of the redacted people and why it was not just produced in its original form. (Why had it been redacted in the first place?)  (Emphasis mine)

Contrary to Toro's claim that Plaintiffs have never "met and conferred" enough to make the issue ripe for discussion, the issue was apparently ripe for Toro's defense counsel on July 14, 2023. At the hearing before the Court about a number of discovery issues, on July 14, 2023, Plaintiffs' counsel raised the issue of the unprovided, redacted information, and asked to depose Ms. Dahl as a source who might identify why the redacted information was not forthcoming. The following is the relevant portion of the transcript of the July 14, 2023 hearing.

At Doc. 98, time 14:53 to 19:37, we find the following:

**"Crowley:** *I understand your ruling Judge, and we also have the question of Ms. Dahl.*

**Florence:** *Ms. Dahl is the general counsel of Toro Company. The first thing is, as currently scheduled, Plaintiffs are up to 11 depositions being taken in the case and we have agreed to go over the 10-deposition limit to accommodate that, but we don't agree to additional ones beyond that. Ms. Dahl, her only connection here, is that she provides the Affidavit in support of the previous claim for the 20 documents that are still of issue by means of the objection*

*that is pending before Judge Darrow, right now. She is not a fact witness; she has not been disclosed as a fact witness and she does not have any particular information or knowledge that is relevant to the case itself.*

**Judge Hawley:** *What do you want to depose her for, Mr. Crowley?*

**Crowley:** *Well, Your Honor, of the 11 depositions Mr. Florence referred to, 6 of them are their expert witnesses and we are doing those, all but 1, by Zoom. Ms. Dahl's involvement is as legal counsel, or as general counsel, she heads up the legal department. In Ms. Drutowski's deposition, she indicated that the legal department received, investigated and kept all records of injury involving Toro products, and that the other divisions of the company had to go to the legal department to get that information, or wait for it to be presented by the legal department, or provided, if they wanted it, and so, **we are very unclear about what still exists, what's in the legal department, and whether or not Toro complied with your Docket 55, your Order compelling discovery about those injuries, the specifics, the names of the victims and their addresses and so forth.** Other than that, that's, in my opinion, a very important piece of discovery, because Toro keeps saying* "well, it's a reasonably safe mower because *we don't have that many serious injuries and we only have a death reported by this state", and there's-- I have no way of checking that, none.* **(Emphasis mine)**

**Florence:** **Your Honor, that information was produced, I believe it was about a year ago, an extensive amount of information, <u>including the underlying documents related to other incidents,</u> and it was a subject included within the 30(b)(6) deposition notices that Mr. Crowley issued and that he took the depositions on, and that was also discussed in those depositions. So, that's really water far under the bridge at this point,** *and Ms. Dahl, obviously as the high-ranking attorney within the company, is going to be someone who's-- there's going to be a lot of privilege issues, if you were to depose a witness like that, and the only connection that she has to this case is that she just gave information about how the legal department works, with respect to the privilege claims that were 20 documents in this case.* **(Emphasis mine)**

**Judge Hawley:** *I guess I'm having trouble, Mr. Crowley, understanding how her testimony* (inaudible). *Sounds to me like, from what you said at the beginning, you want to depose her related to questions of whether or not Toro has complied with its discovery obligations, which is not an appropriate basis to depose someone. That might be inquiries or motions to the court, if you think, but to call someone to depose them related to whether or not the defendant has complied with their discovery obligations, that has nothing to do with the merits and certainly not an appropriate basis to depose a witness. So, maybe I*

8

> *misunderstood, there is a lot of what you said, but it sounded like you wanted to have her be deposed as it relates to whether Toro has complied with its discovery obligations.*

> ***Crowley:*** *Well, Ms. Drutowski had limited knowledge of what the legal department did, how they did it, what they kept and how long it was kept."*

The worst problem with Mr. Florence's representation to the Court is that it was untrue and he likely knew it when he said it. If not, he said it with reckless disregard for whether or not it was true.  Florence knew that when he kept his remarks generic and included the term "the underlying documents" coupled with the guarantee that they had been produced over a year ago the Court and the plaintiffs would have been no subject matter for any "meet and confer" or discovery conference.

Mr. Florence knew quite well that Plaintiffs' counsel was asking to depose Ms. Dahl to find out where the redacted contact information was for TTCHillman00229239 (SEALED Doc. 106), so when Crowley raised the issue, he swiftly cut into the conversation and represented to the Court that Toro had provided all the "underlying documents" as if Toro had produced all of the information it had.

### AUGUST 14, 2023, TORO ADMITS TO IT'S VIOLATION OF THE ORDER COMPELLING DISCOVERY AND ITS WILLINGNESS TO MISLEAD THE PLAINTIFFS AND THE COURT

On August 14, 2023, Mr.  Grace sent a letter to Plaintiffs' counsel (Doc 105-5), in which he accidentally admits, for the first time, that, since July of 2022, the missing OSI data was not really in the Answers to Interrogatory No. 9 or the documents produced, but rather, Toro has been intentionally withholding the missing contact information redacted from TTCHillman00229239 (SEALED Doc. 106), based on Toro's objection that disclosure would invade the privacy of "non-parties".

While it is incredible that Toro would blatantly ignore the Court's Order overruling that same objection so clearly in its June 21, 2022 Order.  It is equally shocking that Toro carried on this farce for over a year, while telling Plaintiffs' counsel to keep looking for the information had not been produced.  The clear purpose was to deny the truth to Plaintiffs and the Court about over 50 people who had been seriously injured or killed on a Toro ZRT by delaying discovery of the fraud until the discovery deadline had passed.

The misrepresentations are completely consistent with the fact that no Supplemental Answer to Interrogatory No. 9, no document produced by Toro, email, or letter from Toro's counsel ever disclosed that Toro was refusing to disclose the contact information of two thirds of its OSI's due to any "personal information of non-parties" objection, until Mr. Grace finally spilled the beans on August 14, 2023.

Grace clearly says, for the first time on August 14, 2023-four days before discovery closes, that:

> *"It is our position that until August 8, 2023,* **the Plaintiffs had never raised an issue regarding the protection of personal identifying information of non-parties.** *Further, neither the motions filed by Plaintiffs last year* (apparently referring to Plaintiffs' successful Motion to Compel) *raised any issue regarding the protection of such information* **nor did Mag. Judge Hawley address the issue in his June 21, 2023 Order."**

Mr. Grace's letter of August 14, 2023, is, of course, deceptive and false on both counts.

First, Plaintiffs' counsel had repeatedly inquired about where to find the redacted and missing OSI data for many months before August of 2023.  I admit that, to my knowledge, I am not telepathic so, until I received the letter of August 14, 2023 from Mr. Grace, I had no idea that Toro was secretly withholding information it was ordered to disclose based on an objection I had not seen nor heard them since it was summarily overruled in 2022.  While I have been accused of being cynical on occasion, I suspect the reason Toro did not disclose the objection in its

supplemental answer after the Order Compelling Discovery is because it knew it was violating the order. So while I admit I did not pursue any court action "addressing" ***the protection of personal identifying information of non-parties,*** a) it was moot by the courts order overruling it and b) I was naïve enough to believe that even Toro would not blatantly violate a Court's Order and then try to cover it up. I have since changed my opinion and belief. So, my failure to address the issue was due opt fraud on the part of Toro.

Secondly, Magistrate Judge Hawley's Order of June 21, 2022, directly addressed the issue when it overruled all general and specific objections to Interrogatory No. 9, including the so-called protection of non-party personal information objection, which Toro was still claiming when the Court overruled it. Judge Hawley did address the issue because Toro made it an issue.

Not only did Toro keep their objection a secret, conspicuously absent from any of Toro's discovery answers, correspondence and, especially, Mr. Florence's argument before the Court on July 14, 2023, is any accurate qualification, objection or candid explanation that would have truthfully informed the Court that not "all that information was provided a year ago". Toro did not produce "all information" a year earlier because Toro kept the contact information of 53 victims, despite an unambiguous Court Order to turn it over.

Perhaps, if Mr. Florence had been forthcoming to the Court on July 14, 2023, and admitted the truth, the Court would have issued a ruling about Toro's withholding the redacted information, sparing us all the Motion for Sanctions. *(Suggestion: "Your honor, we produced about a third of the OSI contact information you ordered us to disclose on June 21, 2022, and that Mr. Crowley alluded to, but have kept about 2/3 based on our objection to the production on the basis that it is personal information of non-parties. If you overrule the objection again now, we will turn it over to Mr. Crowley.")*

It is now clear that, all the while Toro's counsel was repeatedly urging Plaintiffs to search through thousands of documents to find the redacted contact information, they knew the redacted information was not contained in any of the Answers, Supplemental Answers, or documents produced, and indexed ad nauseum.

Toro's gamesmanship and duplicity has wasted countless hours of time and thousands of dollars of Plaintiffs' counsel and their staff, as they were urged to find a needle in a haystack, when Toro's counsel knew there was no needle in the haystack.

From July of 2021, until August 14, 2023, Toro's conduct cannot be explained as a mistake, an oversight, or a misunderstanding. It has organized, intentional and in contempt of the Court's power to order compliance in discovery.

If Toro's duplicity and gamesmanship are not evident enough in the facts and events already set out in this supplementation, the Court should review the email string (attached hereto as Exhibit J) Plaintiffs' counsel received on August 28, 2023. Toro refuses to meet and confer regarding the redacted OSI contact dispute again unless Plaintiffs withdraw their Motion for Sanctions.

Toro's counsel knows that Section VIII of the Court's Standing Order (Doc. 14) requires all discovery motions to be filed before the close of discovery. So, if Plaintiffs had agreed to withdraw the Motion, it would have been the death knell for the plaintiffs' search for truth and justice. Toro would have successfully ignored and circumvented the Court's Order with blatant contempt for the Court's authority and the plaintiffs' right to learn the truth. This has clearly been Toro's strategy since July of 2022.

Respectfully submitted,

By: /s/ Steven J Crowley
Lead Counsel

REBEKAH HILLMAN, individually and as next friend of P.J.H., a minor; and JENNIFER
HILLMAN Plaintiffs
Steven J Crowley Lead Counsel ARDC#6314756
Edward J. Prill ARDC#6271392
CROWLEY & PRILL
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on *Wednesday, August 30, 2023*, I electronically filed the
foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being
served this day on all counsel of record identified below via transmission of Notices of Electronic
Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who
are not authorized to receive electronic Notice of Electronic Filing:

Michael Giacopelli
Thomas Grace
Jonathan R. Sichtermann
McVey & Parsky, LLC
30 North LaSalle Street, Suite 210
Chicago, Illinois 60602
Email: mng@mcveyparsky-law.com
Email: tgg@mcveyparsky-law.com
Email: jrs@mcveyparskylaw.com

Jason Schiffman
Schiffman Firm, LLC
1300 Fifth Avenue
Pittsburgh, PA 15219
P: (412) 288-9444
F: (412) 288-9455
E: jason@SchiffmanFirm.com
ATTORNEY FOR PLAINTIFFS

Kirk T. Florence
Kilpatrick Townsend & Stockton LLP
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
P: (214) 922-7100
F: (214) 279-9194
kflorence@kilpatricktownsend.com
ATTORNEYS   FOR   THE   TORO
COMPANY

13