UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| REBEKAH HILLMAN, Individually and as Next Friend of P.M.., a minor, AND JENNIFER HILLMAN<br><br>Plaintiffs,<br><br>v.<br><br>THE TORO COMPANY,<br><br>Defendant. | NO. 4:21-cv-04081-SLD-JEH<br><br>(ORAL ARGUMENT REQUESTED) |

**DEFENDANT THE TORO COMPANY'S EMERGENCY MOTION TO STRIKE
AND FOR ADDITIONAL TIME TO FILE A RESPONSE**

COMES NOW Defendant, The Toro Company ("Defendant" or "TTC"), by and through its attorneys, and hereby moves this Court to strike Plaintiffs' Motion for Sanctions Against Toro (Dkt. 105) ("Motion for Sanctions") and their Supplemental Affidavit and Exhibits (Dkt. 109) ("Supplement") or in the alternative, grant TTC an additional time to respond.  In support of this Motion, Defendant states as follows:

1.      On August 17, 2023, one day before the close of discovery in this case, the Plaintiffs filed a Motion for Sanctions (Dkt. 105).

2.      On August 30, 2023, the Plaintiffs filed a Supplemental Affidavit and Exhibits in support of the Motion for Sanctions.  (Dkt. 109.)  The Supplement is thirteen (13) pages and accuses TTC's counsel of making misrepresentations to the Court and committing fraud. Supplement, p. 9-10.

1

3. Plaintiffs filed the Supplement thirteen (13) days after filing their Motion for Sanctions, and the day before TTC's response is due, and did so without leave of Court.[1] TTC files this motion as an emergency pursuant to the Court's Standing Order (Version 4.0 Effective April 7, 2022), Section X, because its response to the Motion is due on August 31, 2023.

4. TTC requests that the Court strike the Supplement as untimely and prejudicial to TTC's opportunity to respond. In addition to the unfounded accusations, the Plaintiffs' Supplement quotes from a hearing before the court without attaching the transcript. To properly respond, TTC would request an opportunity to secure a transcript of the hearing to include it with its response.

5. Additionally, TTC asks that the Court strike the Plaintiffs' Motion for Sanctions in that the Plaintiffs failed to follow the direct instructions from the Court and the Court's Standing Order (Version 4.0 Effective April 7, 2022), Section VII (hereinafter "Section VII"), and filed yet another motion for sanctions without filing a "Motion for Hearing Concerning Discovery Dispute" as required.

6. On March 16, 2023, the Plaintiffs' counsel and the Court had the following exchange:

> MR. CROWLEY: … if we believe that Toro has violated your June 21st order compelling discovery, are we required to continue to meet and confer on those issues? And the only reason I ask is according to Rule 37, my understanding is once the Court has issued an order, if – if a party is aggrieved and believes it's not been followed, I thought the meet and confer was over, but I don't want to assume anything in your court, judge.
>
> THE COURT: Fair enough. So what I would say is if it relates – if it relates to discovery, that – that the process, even if it's a previously entered order that relates to discovery that I entered that you believe has not been complied with, that my

---

[1] Plaintiffs' Brief in Support of the Motion (Dkt. 105-7) and the Supplement (Dkt. 109), taken together, total 26 pages, far in excess of the 15-page limit set forth in Local Rule 7.1(B)(4)(a).

>    expectation is that you'd still follow the standing order, meet and confer, and then file a motion for hearing concerning a discovery dispute. And then we go from there, okay?
>
>    MR. CROWLEY: Thank you, Your Honor. I appreciate the clarification. And I didn't mean to lengthen the hearing any longer than it needed to be.

March 16, 2023 Hearing Transcript, p. 31, line 25 – p. 32, line 18 (Dkt. 95-1), a copy of which is attached hereto as **Exhibit A**. The instructions from the Court were clear and the Plaintiffs' counsel even expressed his appreciation for the clarification, yet five (5) months later, he did exactly what the Court told him not to do.

7. Section VII provides as follows:

>   2. If counsel cannot resolve the dispute through conferral, then counsel for the party first raising the dispute shall file a "Motion for Hearing Concerning Discovery Dispute." The motion must contain a certification by counsel that the parties have conferred as required by Fed. R. Civ. P. 37. The motion should not contain any argument or the nature of the discovery dispute. Any motion which does not certify that the parties have conferred prior to the filing of the motion will be stricken for failure to comply with this Standing Order.
>
>   The Court will strike any discovery motion filed before the procedure outlined above has been followed.

Section VII.

8. Even if a proper conference occurred, which it did not, the Plaintiffs did not file a "Motion for Hearing Concerning Discovery Dispute." The docket in this case reflects that no such motion was filed and the Plaintiffs make no claim in their Motion for Sanctions or the Supplement that they did so. Section VII makes clear that the Court will strike any motion filed before its procedure is followed. Especially in light of the Court's admonition during the March 16, 2023, Plaintiffs' Motion for Sanctions and the Supplement should be stricken.

9. The Plaintiffs' filing of the Supplement created an issue as to whether TTC would be required to respond to the untimely filing in its response to the Motion that is due on August

3

31, 2023.  In the alternative to its request to strike the Motion for Sanctions (Dkt. 105) and/or the Supplement (Dkt. 109), TTC requests an additional seven (7) days to file its response to the Motion for Sanctions if the Court strikes the Supplement,  If the Court does not strike the Supplement, then TTC requests an additional fourteen (14) days to respond to both the Motion for Sanctions and the Supplement.

For the foregoing reasons, Defendant The Toro respectfully requests that the Court grant its Emergency Motion and strike Plaintiffs' Motion for Sanctions (Dkt. 105) and the Supplemental Affidavit (Dkt. 109), or in the alternative, grant it additional time to respond as set forth above.

        Respectfully submitted,

        **Parsky & Galloway, LLC**

        /s/ Thomas G. Grace
        Thomas G. Grace,
        *Attorney for Defendant, The Toro Company*

Thomas G. Grace, Esq.
Parsky & Galloway, LLC
120 N. LaSalle St., Suite 3200
Chicago, IL  60602
Tel. 312-551-2130
tgg@pg-lawoffice.com


Kirk T. Florence, Esq.
Kilpatrick Townsend & Stockton, LLP
2001 Ross Ave., Suite 4400
Dallas, TX  75201
Telephone:     214-922-7139
Email: KFlorence@kilpatricktownsend.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on April 28, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for that counsel or parties who are not authorized to receive electronic Notice of Electronic Filing and *served directly on Mag. Judge Hawley and counsel listed below pursuant to the Court's Standing Order (Version 4.0 Effective April 7, 2022), Section VII*:

>HON. JONATHAN E. HAWLEY
>U.S. MAGISTRATE JUDGE
>Email:	hawley@ilcd.uscourts.gov
>
>STEVEN J. CROWLEY
>EDWARD J PRILL
>ANDREW MAHONEY
>CROWLEY & PRILL
>3012 Division Street
>Burlington, Iowa 52601
>Phone:	(319) 753-1330
>Email:	SCrowley@CrowleyPrillattorneys.com
>	EPrill@CrowleyPrillAttorneys.com
>	AMahoney@CrowleyPrillAttorneys.com
>
>JASON M. SCHIFFMAN
>SCHIFFMAN FIRM, LLC
>1300 Fifth Avenue
>Pittsburgh, PA  15219
>Phone:  412-288-9444
>Email:	Jason@SchiffmanFirm.com
>
>**Parsky & Galloway, LLC**
>
> /s/ Thomas G. Grace
> Thomas G. Grace,
> *Attorney for Defendant, The Toro Company*

Thomas G. Grace, Esq.
Parsky & Galloway, LLC
120 N. LaSalle St., Suite 3200
Chicago, IL  60602
Tel. 312-551-2130
tgg@pg-lawoffice.com