```
1                UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF ILLINOIS
2

3
    REBEKAH HILLMAN, et al.,     )
4                                )
             Plaintiffs,         )
5                                )
         vs.                     )   Civil No. 4:21-04081
6                                )
    THE TORO COMPANY, a          )
7   corporation,                 )
                                 )
8            Defendant.          )

9
              TRANSCRIPT OF RECORDED PROCEEDINGS
10        BEFORE THE HONORABLE JONATHAN E. HAWLEY
             TELEPHONIC STATUS CONFERENCE HEARING
11                JULY 14, 2023; 9:29 A.M.
                     PEORIA, ILLINOIS
12
    APPEARANCES:
13
    For the Plaintiffs:      STEVEN J. CROWLEY, ESQUIRE
14                           ANDREW L. MAHONEY, ESQUIRE
                             Crowley & Prill
15                           3012 Division Street
                             Burlington, Iowa 52601
16
    For the Defendant:       KIRK T. FLORENCE, ESQUIRE
17                           Kilpatrick, Townsend & Stockton, LLP
                             2001 Ross Avenue, Suite 4400
18                           Dallas, Texas 75201

19                           THOMAS G. GRACE, ESQUIRE
                             Parsky & Galloway, LLC
20                           120 N. LaSalle Street, Suite 3200
                             Chicago, Illinois 60602
21

22                  Transcribed By:
             Jennifer E. Johnson, CSR, RMR, CRR
23              U.S. District Court Reporter
                Central District of Illinois
24
    Proceedings recorded by electrical sound recording;
25  proceedings recorded by mechanical stenography from
    said recording; transcript produced by computer
```

1    THE COURT: You can call the case.
2    COURTROOM DEPUTY: Hillman -- calling the case
3 Hillman, et al., v. The Toro Company, Case Number
4 12-4081 (sic).
5    Counsel, please enter your appearance.
6    MR. CROWLEY: Steven Crowley and Andrew
7 Mahoney for the plaintiffs.
8    MR. FLORENCE: Kurt Florence for the Toro
9 Company.
10    MR. GRACE: And Tom Grace for The Toro
11 Company.
12    THE COURT: This is Magistrate Judge Jonathan
13 Hawley. I'd note for the record everyone's
14 appearing by telephone.
15    This matter is set for hearing after I granted
16 Docket Number 96 which was Plaintiff's motion for
17 hearing concerning a discovery dispute.
18    Plaintiff's counsel, if you want to inform me
19 of the nature of the dispute?
20    MR. CROWLEY: Yes, Your Honor. You'll recall
21 last June 14th when you -- when we were conferring
22 in person with the Court that you gave us some
23 instructions and discussion of problem of
24 identifying an employee of the company as a
25 non-retained witness who was going to testify.

1      And you indicated, my recollection is -- and
2 the transcript bears me out -- that you indicated
3 clearly that if you're going to call an employee as
4 a fact witness, then Mr. Crowley, Plaintiffs, get
5 to take another deposition of them because of the
6 necessity involved in discussing their foundation,
7 what they know, what they don't know due to the
8 nature of fact witnesses versus (inaudible).
9      In any event, we then noticed six depositions
10 for next week beginning Monday, Tuesday, Wednesday
11 in Minneapolis, and all three -- three of those
12 folks are Mr. Fear, Mr. Heckel and Mr. Duchscherer,
13 if I'm saying that right.  The others were, of
14 course, Carol Drutowski, Todd Porter, a woman named
15 Amy Dahl who submitted an affidavit in response --
16 excuse me, in support of the current objection, and
17 she's the head of the legal department.  But we had
18 six people noticed.
19      And on the -- you gave Toro that day seven
20 days to either provide a report from Miss Drutowski
21 or to take some action.
22      And so on June 23rd, I believe it was, Toro
23 amended its disclosures -- its expert disclosures
24 to withdraw both Drutowski and Porter as
25 non-retained experts.

1       The same day, they filed amended initial
2  disclosures under RCP 26(a)(1) to indicate for the
3  first time that Toro would be calling Carol
4  Drutowski, Todd Porter, John Heckel and Derek
5  Duchscherer in support of their defenses as
6  employees.  That's why we went ahead and noticed
7  all these folks for deposition next week in
8  Minneapolis.
9       We were then told two days ago that Toro would
10 not produce -- not willingly produce Carol
11 Drutowski or Todd Porter because the -- they're
12 indicating that they will testify about the
13 subjects -- factual testimony will be about the
14 subjects listed in the subpoena's 30(b)(6) notice.
15      So, I understand it's Toro position that,
16 well, you've taken the deposition of them as a
17 30(b)(6) notice -- or witness and, you know, those
18 are the subjects they're going to testify about so
19 you're not entitled to (inaudible).
20      I don't know why they will not produce
21 Ms. Dahl.  We wanted to talk to her about two
22 things, as I explained to them.  One is the -- part
23 of that is the affidavit that was filed district
24 court (inaudible) or, I'm sorry, not June 14th
25 (inaudible).  But with those -- also due to the

1  fact that the legal department has sole control
2  over the receipt, investigation and retention of
3  all injury data or all -- my understanding is all
4  all Toro products including all zero turn mowers.
5       THE COURT:  Mr. Crowley, what are you asking
6  me to do?
7       MR. CROWLEY:  I'm asking you to order Toro to
8  produce, as noticed, Miss Drutowski, Mr. Porter and
9  Amy Dahl next week on the 17th and the 19th for
10 deposition as noticed.
11      THE COURT:  And you're asking them to be
12 deposed as fact witnesses?
13      MR. CROWLEY:  That is correct, Your Honor.
14      THE COURT:  Okay.  Okay.  Mr. -- or whoever
15 wants to argue this for Defense?
16      MR. FLORENCE:  Good morning, Judge.  This is
17 Kirk Florence for The Toro Company.
18      As I'm sure the Court recalls from our hearing
19 on June the 14th, there was extensive discussion
20 about Miss Drutowski and Miss Porter and sort of
21 the three capacities that they might participate in
22 the trial of the case:  One, as a corporate
23 representative deposition under Rule 30(b)(6); two,
24 as a fact witness; and three, as a non-retained
25 expert witness.

1    And as I had -- as I alluded to the Court at
2    the time of that hearing, we, we would reconsider,
3    based upon the Court's comments, how we would
4    designate and use these witnesses.  And then we
5    did, within the time frame that the Court allowed
6    us, we filed our amended disclosures of both those
7    expert witnesses and under Rule 26.  And we
8    specifically withdrew both Miss Drutowski and
9    Miss Porter as non-retained expert witnesses.  And
10   then in our Rule 26(a) disclosures, we made very
11   clear that we were only designating those two
12   witnesses as corporate representative witnesses to
13   testify within the scope of topics that the
14   plaintiff defined with a Rule 30(b)(6) deposition
15   notice and which they proceeded to take their
16   depositions on.
17       We did not -- and we made this decision very
18   carefully based upon what the Court said at the
19   last hearing.  We did not designate them as fact
20   expert witnesses.  We have the transcript from that
21   last hearing, and I think the most important part
22   of it -- it really cuts to the chase -- is what the
23   Court said on page 39 of the written transcript
24   where you said, Judge, *So if you're going to use*
25   *her* -- meaning Miss Drutowski -- *as anything other*

*than a 30(b)(6) witness, he -- Mr. Crowley -- gets an opportunity to depose her in whatever capacity he wants to call it.*

So, we are living with the consequences of that, and the consequence of that is that they've already been deposed in the only capacity in which those two witnesses are now designated and identified.

THE COURT: So, they've already been deposed, and they've been deposed as 30(b)(6) witnesses, correct?

MR. FLORENCE: Right. And that's the only way that we're using them, and that's the only way we've disclosed them at this point.

THE COURT: Okay. So, you want to depose them again, Mr. Crowley?

MR. CROWLEY: Yes, Your Honor.

THE COURT: And the basis is -- for, for what reason?

MR. CROWLEY: Because, Your Honor, a 30(b)(6) witness is a corporate representative, and I didn't go into the foundation for many of her statements -- oftentimes the opinions offered by Ms. Drutowski -- because it wasn't necessary. 30 -- counsel can tell a 30(b)(6) witness, *Here's the position of the*

1  *company. Tell Mr. Crowley*, and so you don't need
2  to do the same foundational inquiries that you do
3  for a first -- excuse me, for a fact witness.
4      The witness can stand up and say, *Oh, yeah, we*
5  *present what we -- We complied with all standards*.
6      *Well, did you do involvement testing?*
7      *No.*
8      *Involved in the information decisions*,
9  et cetera, et cetera?
10     I don't think Miss Drutowski is qualified to
11 testify as a fact witness on most of the things
12 that we asked her about (inaudible).  The purpose
13 of the 30(b)(6) --
14     THE COURT:  I need you to speak up a bit,
15 Mr. Crowley.  I'm having a little trouble hearing
16 you.
17     MR. CROWLEY:  I'm sorry, Your Honor.  The
18 purpose of the --
19     THE COURT:  My question is they've not
20 disclosed these witnesses as fact witnesses.
21 You've already deposed them.  How many depositions
22 did you take?
23     MR. CROWLEY:  I'm sorry, Your Honor.  I didn't
24 mean to interrupt you, but I think we talked over
25 each other.  I apologize.

1 THE COURT: I was saying they've not been
2 disclosed as fact witnesses. They were taken as
3 30(b)(6) witnesses. How many depositions have you
4 taken to date?
5 MR. CROWLEY: I believe nine. We took two
6 doctors rather than calling them live. We took two
7 of the treating doctors live.
8 And I would point out that the initial
9 disclosures were due 14 days after the 26th
10 settlement conference, and we just got their notice
11 that they were going to call these folks as fact
12 witnesses on the 23rd of June of --
13 THE COURT: I thought Mr. -- Defense counsel
14 just said that they're only disclosed as 30(b)(6)
15 witnesses, not fact witnesses.
16 MR. FLORENCE: Right.
17 MR. CROWLEY: I don't understand how you can
18 do that, Judge, other than if they're gonna read
19 the deposition. Yeah, okay. Yeah, they can read
20 their portions or they can designate them, and the
21 Court can rule thumbs up or thumbs down. But my
22 understanding is they're going to call them live,
23 and they're going to ask them questions based on
24 subjects mentioned in the 30(b)(6) deposition which
25 is essentially just skirting your original order --

1     THE COURT:  Well --
2     MR. CROWLEY:  -- as to what those folks are
3 going to say.
4     THE COURT:  They can call them live as
5 30(b)(6) witnesses, but they're 30(b)(6) witnesses.
6 They're testifying on behalf of the corporation.
7     MR. CROWLEY:  But I still don't know what
8 opinions or subject matters they're actually going
9 to talk about.
10    THE COURT:  Well, you took their deposition as
11 30(b)(6) witnesses, right?
12    MR. CROWLEY:  I'm sorry, Your Honor, what?
13    THE COURT:  You took their depositions as
14 30(b)(6) witnesses, correct?
15    MR. CROWLEY:  That's correct.
16    THE COURT:  And that's what they're going to
17 be called for at trial.
18    MR. CROWLEY:  Yes, Your Honor.  But when the
19 opinions were offered by Ms. Drutowski, I didn't
20 bother to go in and say, "What's the basis for
21 that?" because we'd have been there for two more
22 days, and I didn't know what the basis -- I mean,
23 just because you're a 30(b)(6) witness doesn't mean
24 you get to say anything you want (inaudible).
25    THE COURT:  Well, that's what -- they've been

1  disclosed as 30(b)(6) witnesses; they were deposed
2  as 30(b)(6) witnesses; and they're going to be
3  called as 30(b)(6) witnesses.  So, there's no basis
4  to depose them again.
5      MR. CROWLEY:  Your Honor, I submit that there
6  is a complete difference between the, the intention
7  of Rule 30(b)(6) and a fact witness.  30(b)(6) is a
8  representative of the corporation, and that's
9  normally --
10     THE COURT:  So, let me ask Defense counsel:
11 You -- if and when you call them at trial, you
12 intend to call them in their capacity as a -- as a
13 representative of the corporation, correct?
14     MR. FLORENCE:  That's exactly right, Your
15 Honor.
16     THE COURT:  I -- Mr. Crowley, I just don't
17 understand your argument.  I mean, this is -- they
18 are 30(b)(6) witnesses.  That's how you deposed
19 them.  That's how they'll be called.
20     MR. CROWLEY:  So, they're testifying with the
21 expert knowledge that they gained as employees, and
22 so we are entitled to a report, just like you told
23 them at the last hearing.
24     MR. FLORENCE:  Your Honor, we explicitly
25 withdrew them.

1      THE COURT: They're not -- (inaudible).
2      MR. CROWLEY: I'm sorry, Your Honor,
3 apologies. What?
4      THE COURT: Mr. Crowley, they're 30(b)(6)
5 witnesses. That's the only capacity they've been
6 disclosed. That's precisely the capacity that you
7 deposed them in. And that's what their testimony
8 at trial will be limited to. And I'm sure Judge
9 Darrow will give the jury an appropriate
10 instruction as it relates to considering the
11 testimony of someone who's testifying in the
12 capacity as a representative of a corporation.
13      There's just -- this is entirely consistent
14 with my prior order. The issue that came up before
15 was that they were going to testify as non-retained
16 experts. I made it clear they're going to do that.
17      So, you're adding a different capacity in
18 which they'll be testifying then, yes, you would
19 get an opportunity to depose them as experts. They
20 have withdrawn those notices.
21      You had an opportunity to depose them in
22 precisely the capacity that they're disclosed as or
23 testifying for trial, and there is just simply no
24 basis to depose these people again, period.
25      MR. CROWLEY: I understand your ruling, Judge.

1    THE COURT: Okay.
2    MR. CROWLEY: And we also had the question of
3 Ms. Dahl, D-a-h-l.
4    THE COURT: Okay. This is --
5    MR. FLORENCE: Your Honor, as --
6    THE COURT: Go ahead.
7    MR. FLORENCE: The general counsel -- Ms. Dahl
8 is the general counsel of Toro Company.
9    The first thing is, as currently scheduled,
10 Plaintiffs are up to 11 depositions being taken in
11 the case, and we have agreed to go over the
12 10-deposition limit to accommodate that. But we
13 don't agree to additional ones beyond that.
14    Miss Dahl, her only connection here is that
15 she provided the affidavit in support of the
16 privilege claim for the 20 documents that are still
17 at issue by means of the objection that's pending
18 before Judge Darrow right now. She's not a fact
19 witness. She's not been disclosed as, as a fact
20 witness. And she's not -- she doesn't have any
21 particular information or knowledge that's relevant
22 to the case itself.
23    THE COURT: So, what do you want to depose her
24 for, Mr. Crowley?
25    MR. CROWLEY: Well, Your Honor, the 11

depositions Mr. Florence referred to, six of them are their expert witnesses, and we're doing those all but one by Zoom.

Ms. Dahl's involvement is as legal counsel or as general counsel. She heads up the legal department. In Miss Drutowski's deposition, she indicated that the legal department received, investigated, and kept all records of injury to -- involving Toro products and that the other divisions of the company had to go to the legal department to get that information or wait for it to be presented by the legal department (inaudible) if they wanted it.

And so we're very unclear about what still exists, what's in the legal department, and what -- and whether or not Toro complied with your Docket 55, your order compelling discovery about those injury -- the specifics, the names of the victims, their addresses and so forth.

Other than that, we've got some, in my opinion, very important piece of discovery because Toro keeps saying, *Well, it's a reasonably safe mower because we don't have that many serious injuries, and we only have a death reported by the estate.* And there's -- I have no way of checking

1  that, none.
2      MR. FLORENCE:  Your Honor, that information
3  was produced -- I believe it was about a year ago,
4  extensive amount of information, including the
5  underlying documents related to other incidents,
6  and it was a subject included within the 30(b)(6)
7  deposition notices that Mr. Crowley issued and that
8  he took the depositions on.  And he -- and that was
9  also discussed in those depositions.
10     So, that's really water far under the bridge
11 at this point.
12     And Miss Dahl, obviously, as the highest
13 ranking attorney within the company, is going to be
14 -- going to be someone who's -- there's going to be
15 a lot of privilege issues if he were to depose a
16 witness like that.
17     And the only -- the only connection that she
18 has to this case is that she just gave the
19 information about how the legal department works
20 with respect to the privilege claims over 20
21 documents in this case.
22     THE COURT:  I guess I'm having trouble,
23 Mr. Crowley, understanding how her testimony will
24 be (inaudible).  It sounds to me like from what you
25 said at the beginning, you want to -- you want to

depose her related to questions of whether or not Toro's complied with its discovery obligations, which is not an appropriate basis to depose someone.  That's -- might be inquiries or motions of the Court if you think, but to call someone to depose them related to whether or not the defendant has complied with their discovery obligations, that's not -- has nothing to do with the merits, is certainly not an appropriate basis to depose a witness.

Maybe I misunderstood.  There was a lot in what you said.  But it sounded like you wanted to have her be deposed as it relates to whether Toro's complied with its discovery obligations.

MR. CROWLEY:  Well, Miss Drutowski had limited knowledge of what the legal department did, how they did it, what they kept and what -- and how long it was kept.

THE COURT:  Well, I assume you've made -- you've made multiple requests.  No matter how they keep them, where they're at, what they do with them, you have made discovery requests of Toro for all of the information that you think you need to litigate this case.  And we've had multiple disputes over what they've provided, what they've

1  not provided.
2      What does it matter what their internal
3  procedures are or where they're at?  If you
4  requested those documents, and they say they've
5  produced them or there was a dispute that I've
6  resolved, what does any of that matter?
7      MR. CROWLEY:  Well, the second reason, Your
8  Honor -- and I thought I mentioned -- was that
9  Ms. Dahl has now submitted an affidavit which is
10 very, very similar to the one produced by
11 Mr. Barron back in 2022 when they were withholding
12 the whole raft of Committee -- Safety Committee
13 Notes and the shady kinds of things they did in the
14 McCall litigation which was unsuccessful.
15     Ms. Dahl has submitted an affidavit much like
16 Mr. Barron claiming that all these documents, even
17 though on their face they don't ask for legal
18 advice, they don't offer legal advice, there's no
19 mention of legal advice, she has provided this
20 affidavit trying to indicate that it's not mere
21 funneling of information through the legal
22 department to keep them confidential, but she's
23 insisting that they're all specifically involved in
24 legal advice.
25     And, yeah, that's one of the things I wanted

1  to talk to her about, but --
2      THE COURT:  So, here's what I'd say on this.
3  I, I haven't heard anything from you that relates
4  to deposing her on the merits of this case.  Sounds
5  to me like it's -- these are all things related to
6  discovery or the issue that's already pending in
7  front of Judge Darrow.
8      Look, lawyers submit affidavits in cases as it
9  relates to events that occurred related to a motion
10 for an extension of time.  That doesn't
11 automatically make them subject to being deposed.
12     It's not uncommon to have an affidavit filed
13 as it relates to an assertion of privilege.  Those
14 are all issues that, at the end of the day, Judge
15 Darrow's going to do exactly what I did, which is
16 look at the documents, and regardless of what the
17 affidavit says, is whether or not it meets the
18 legal standard as to being something privileged.
19     So, I haven't heard anything that convinces me
20 on this call that you have an adequate basis to
21 depose her.
22     Having said that, if you want to file a motion
23 related to that, give you an opportunity to put
24 more meat on the bones here, you can file that
25 within seven days.  I'll give Defendant's counsel

1  seven days to respond to it.
2        But for the time being, unless those
3  pleadings -- if you file them -- convince me
4  otherwise, I don't see a basis to depose her.
5        MR. CROWLEY:  I understand, Your Honor.
6        THE COURT:  Okay.  Okay.  Anything else?
7        MR. CROWLEY:  Plaintiff doesn't have anything
8  else to submit for the Court's consideration at
9  this time, Your Honor.
10       THE COURT:  Okay.  Defense counsel?
11       MR. FLORENCE:  Thank you, Your Honor.  We
12 appreciate it.
13       THE COURT:  Okay.
14       MR. FLORENCE:  Appreciate your time.
15       THE COURT:  Okay.  So, the minutes will read,
16 Discovery disputes discussed.  Court denies the
17 request to conduct additional depositions of the
18 two witnesses discussed.  Court preliminarily
19 denies Plaintiff's request to depose Defendant's
20 corporate counsel, but is given leave to file a
21 motion on that issue within seven days, and
22 Defendants would be given seven days to respond
23 should a -- such a motion be filed.  Okay?
24       Okay.  Thanks, everybody.  Have a good
25 weekend.  We'll be in recess.

4:21-cv-04081-SLD-JEH   # 111   Filed: 09/06/23   Page 20 of 20

20

```
1      MR. FLORENCE:  Thank you, Judge.
2      MR. CROWLEY:  Thank you.
3      MR. MAHONEY:  Thank you, Your Honor.
4      MR. GRACE:  Thank you, Your Honor.
5      (Proceedings concluded at 9:52 a.m.)
```

CERTIFICATE OF OFFICIAL REPORTER

    I, Jennifer E. Johnson, CSR, RMR, CBC, CRR, in and for the United States District Court for the Central District of Illinois, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript to the best of my abilities of the recorded proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

    Dated this 6th day of September, 2023.

                /s/ Jennifer E. Johnson
                JENNIFER E. JOHNSON
                CSR, RMR, CBC, CRR
                License #084-003039