UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

REBEKAH HILLMAN, individually and as )
next friend of P.J.H., a minor, and )
JENNIFER HILLMAN, )
)
Plaintiffs, )
)
v. )          Case No. 4:21-cv-04081-SLD-JEH
)
THE TORO COMPANY, )
)
Defendant. )

ORDER

Before the Court are Defendant The Toro Company's first Rule 72(a) objection, ECF No.

85 ("First Rule 72(a) Objection"), and Defendant's second Rule 72(a) objection, ECF No. 95

("Second Rule 72(a) Objection"). For the reasons that follow, the First Rule 72(a) Objection is

OVERRULED, and the Second Rule 72(a) Objection is OVERRULED. Magistrate Judge

Jonathan E. Hawley's April 12, 2023 ruling, *see* Apr. 12, 2023 Min. Entry, and June 14, 2023

ruling, *see* June 14, 2023 Min. Entry, are AFFIRMED.

**BACKGROUND**

On March 1, 2023, Plaintiffs Rebekah Hillman, individually and as next friend of P.J.H.,

a minor, and Jennifer Hillman filed a motion notifying Judge Hawley about a discovery dispute

and requesting that he schedule a hearing to resolve it. Mot. Disc. Hr'g 1, ECF No. 71. A status

conference was held before Judge Hawley on March 16, 2023, *see* Mar. 16, 2023 Min. Entry, at

which Plaintiffs' counsel stated that Defendant had withheld twenty-five documents from

production on the grounds of attorney-client privilege, *see* Mar. 16, 2023 Hr'g Tr. 5:3–23, ECF

No. 85-1. They requested that Judge Hawley review these documents to ascertain whether the

1

privilege should apply, *id*. at 5:20–23; Defendant's counsel was amenable to the request, *id*. at

8:14–15.  Judge Hawley stated:

> I don't have a problem reviewing those [twenty-five documents] to determine
> whether or not I agree or disagree with your designation of them as being subject
> to attorney-client privilege.  And it sounds like you don't have an objection to that.
> If I review it and agree with the designation, I would just enter a text order saying,
> you know, that I have reviewed it and I agree these are privileged.  If I believe they
> are not privileged, I would, you know, give you an opportunity to sort of explain to
> me why you think I'm wrong.

*Id*. at 9:13–22.  He instructed Defendant's counsel to submit the twenty-five documents to him

within fourteen days.  *See id*. at 11:7–20.  Defendant's counsel clarified that Judge Hawley "just

want[ed] the documents" themselves and "d[idn't] need context or . . . other information," *id*. at

11:25–12:1, to which Judge Hawley responded:

> I mean, the documents and the privilege log that relates to those.  At . . . least for
> now that's really all I need to start.  So yeah, no briefing.  No nothing else.  Just
> give me the documents and the privilege log and let me take a look.  And then . . .
> if there are issues or questions, then I will obviously give you and the parties, to the
> extent that I can maintain the confidentiality of the documents, an opportunity to
> be heard; but at least I'll take an initial look and see where we're at and go from
> there."

*Id*. at 12:6–16.

On March 31, 2023, Defendant filed a notice on the docket stating that it was currently

only withholding twenty-two documents on the grounds of privilege and that it had submitted

those twenty-two documents to Judge Hawley for *in camera* review.  Not. Submission 1–2, ECF

No. 75.  Judge Hawley reviewed the twenty-two documents *in camera* and held another status

conference on April 12, 2023.  *See* Apr. 12, 2023 Min. Entry; Apr. 12, 2023 Hr'g Tr. 7:3–7, ECF

No. 87.  At the conference, Judge Hawley issued his ruling, stating:

> [T]here are certain documents that I think should be produced with redactions, and
> then there are others that I think should be produced in their entirety.  The
> overarching reason why all of the documents that I think should be produced should
> be produced is that, in my opinion, they don't meet the standard for attorney-client

privilege because they don't contain legal advice.  Every single one of the
documents that I'm ordering be produced fall within that category.

Apr. 12, 2023 Hr'g Tr. 9:6–16.  He went on to discuss each of the documents he believed should

be redacted and explained what redactions were necessary.  *See id*. at 10:9–12:10.  Defendant

was given seven days to carry out those redactions and produce the documents to Plaintiffs.  *Id*.

at 12:17–19.  Defendant's counsel indicated that they "underst[oo]d" the ruling.  *Id*. at 13:20–21.

On April 19, 2023, Defendant moved to extend the deadline to produce the documents or,

in the alternative, for leave to file a motion requesting that Judge Hawley reconsider his April 12,

2023 ruling.  Mot. Extend Deadline 1–2, ECF No. 83.  Taking particular issue with the fact that

Judge Hawley's ruling was "based on an *in camera* review of documents only and without any

accompanying information or supporting context," Defendant sought "an additional [fourteen]

days to assess [Judge Hawley's] rulings and its implications, and to either (a) complete the

document production or (b) come forward with additional information, context and briefing."  *Id*.

Judge Hawley denied the motion but extended the deadline for production of the documents to

April 26, 2023.  Apr. 20, 2023 Text Order.

On April 26, 2023, Defendant filed two documents: a Motion for Further Consideration

of Certain Privilege Determinations ("Motion for Further Consideration"), ECF No. 84, before

Judge Hawley, and the First Rule 72(a) Objection.  In the Motion for Further Consideration,

Defendant requested time "to submit briefing and evidentiary support for its privilege claims

over the remaining documents at issue[1] in accordance with the process outlined in the March

16, 2023 discovery conference hearing," arguing that the "abbreviated process" used by Judge

Hawley denied Defendant "its procedural due process right and opportunity to preserve and

---

[1] Defendant also noted that it had withdrawn its privilege claim over two of the twenty-two documents it had
submitted to Judge Hawley for *in camera* review and had produced those two documents to Plaintiffs.  Mot. Further
Consideration 5.

protect its privilege claims." Mot. Further Consideration 9.[2]  The arguments contained in the

First Rule 72(a) Objection largely mirror those of the Motion for Further Consideration.

Defendant contends that Judge Hawley's April 12, 2023 Order was "clearly erroneous because

Defendant was denied the procedural opportunity to support its remaining privilege claims," and

it "seeks to invoke the procedure contemplated by the Court during the March 16, 2023

discovery conference hearing to allow Defendant an opportunity to be heard and to support its

privilege claims over the . . . documents that were submitted for *in camera* review." First Rule

72(a) Obj. 1–2, 5.  Defendant reiterates its argument that, without the opportunity to provide

further support of its privilege claims, its procedural due process rights have been violated.  *Id*. at

9–10.  Plaintiff filed oppositions to both the Motion for Further Consideration and the First Rule

72(a) Objection.  *See* Resp. Mot. Further Consideration, ECF No. 90; Resp. First Rule 72(a)

Obj., ECF No. 92.

A motion hearing on the Motion for Further Consideration was held before Judge Hawley

on June 14, 2023.  *See* June 14, 2023 Min. Entry.  At the hearing, Defendant's counsel noted that

Defendant's understanding from the March 16, 2023 hearing was that while Judge Hawley was

going to review only the documents themselves at first, should he decide that the documents

were not privileged, he would give Defendant "an opportunity to provide more information."

June 14, 2023 Hr'g Tr. 4:23–5:2, ECF No. 95-3.  Counsel offered to submit "an affidavit from

[Defendant] . . . that establishes the privilege and the reasons behind it and the context." *Id*. at

5:3–6.  Judge Hawley acknowledged that he had initially laid out a process under which

Defendant would be able to submit additional materials if he found the documents were not

---

[2] As Plaintiff notes, the rule under which the Motion for Further Consideration was brought is unclear.  *See* Mem. Supp. Resp. First Rule 72(a) Obj. 9, ECF No. 90-1 (suggesting that the Motion for Further Consideration was most likely brought under Federal Rule of Civil Procedure 54(b)).

privileged but stated that he "changed course after reviewing the documents" because it had "bec[o]me clear to [him]" that the documents did not contain legal advice, the "most basic of requirements" to fall under the attorney-client privilege. *Id*. at 6:18–7:2. He noted the pending Rule 72(a) objection, stating that he believed "it ma[de] sense for [this Court] to review those privilege claims at th[at] point," and accordingly denied the Motion for Further Consideration. *Id*. at 9:19–22.

On June 28, 2023, Defendant filed the Second Rule 72(a) Objection, seeking review of Judge Hawley's June 14, 2023 order. *See* Second Rule 72(a) Obj. 1. It argues that Judge Hawley's denial of the Motion for Further Consideration is contrary to law because, first, his refusal to permit Defendant to submit additional information regarding the context of the documents, including an affidavit provided by Defendant, deprived it of its procedural due process rights and, second, Judge Hawley's determination that documents must contain legal advice to qualify for attorney-client privilege is an overly narrow and incorrect statement of law. *See id*. at 8. As a remedy, Defendant asks that this Court sustain its objection, "conduct a de novo *in camera* review of the documents and [Defendant's] supporting affidavit, and sustain [Defendant's] claims of privilege as provided by controlling and persuasive case law." *Id*. at 8–9. Plaintiffs oppose Defendant's Second Rule 72(a) Objection. Resp. Second Rule 72(a) Obj. 1, ECF No. 99.

## DISCUSSION

### I.    Legal Standard

Magistrate judges have the authority to hear and determine nondispositive matters before the court. *See* 28 U.S.C. § 636(b)(1)(A). A party who opposes a magistrate judge's nondispositive order may, within fourteen days, file an objection to the order; "[a] party may not

assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a).  The district judge assigned to the case must review timely objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*.  Under this standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).  "This is an extremely deferential standard[,] and the district court may not reverse the magistrate judge's decision simply because the district court judge would have come to a different conclusion." *Doe v. Individual Members of the Ind. State Bd. of Law Exam'rs*, No. 1:09-cv-842-WTL-JMS, 2010 WL 106580, at *1 (S.D. Ind. Jan. 4, 2010) (citing *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006)).

## II.    Analysis

The Court has identified two issues for review pursuant to Rule 72(a): first, whether the fact that Judge Hawley did not permit Defendant to file additional briefing to support the "context" of its arguments as to attorney-client privilege violated Defendant's due process rights, *see* First Rule 72(a) Obj. 8–10; Second Rule 72(a) Obj. 8, 13–14, and second, whether Judge Hawley incorrectly interpreted the scope of attorney-client privilege under Illinois law, *see* Second Rule 72(a) Obj. 8, 9–12.[3]  The Court will address each issue in turn.

---

[3] Although Defendant requests as a remedy that this Court conduct a *de novo in camera* review of the documents withheld on the grounds of privilege, *see* Second Rule 72(a) Obj. 8–9, it does not designate as a basis for the objection Judge Hawley's actual finding that the documents at issue were not privileged.  *Cf*. Civil LR 72.2(A) ("[A]n appeal [of the order of a magistrate judge] must *specifically designate* the order appealed from and the basis for any objection." (emphasis added)).  Rather, its objections relate to the procedure around Judge Hawley's review of the documents and the legal standard he applied.  Thus, the Court does not address the overarching issue of whether Judge Hawley should have found the documents privileged or not.  *Cf*. June 14, 2023 Hr'g Tr. 9:19–24 (suggesting that it would "make[] sense" for this Court to review Judge Hawley's decision that the documents were not privileged).  Nor could it conduct such a review, as the documents themselves were not provided to the Court. Defendant does provide an affidavit from its General Counsel, Amy E. Dahl, but this contains only summaries of the withheld documents.  *See* Dahl Aff. 1, 4–10, Second Rule 72(a) Objection Ex. D, ECF No. 95-4.  An examination of attorney-client privilege requires looking to the specific content of each allegedly privileged document.  *See Keystone Consolidated Indus., Inc. v. Employers Ins. Co. of Wausau*, Case No. 03-1201, 2005 WL 8163151, *1 (C.D. Ill. May 25, 2005) (noting that an inquiry into privilege "is fact specific").

a.  **Due Process**

Defendant argues that "further consideration of [its] remaining privilege claims . . . is necessary to preserve [its] important procedural due process right to provide evidentiary support and legal briefing in support of its privilege claims."  First Rule 72(a) Obj. 8–9; *see* Second Rule 72(a) Obj. 8 (reiterating this argument).  It believes that the "abbreviated process" used by Judge Hawley—under which he examined the documents without additional context provided by Defendant—deprived it of this right.  *See* First Rule 72(a) Obj. 9–10.  Citing to cases discussing procedural due process generally, Defendant highlights the "vitally important" nature of the attorney-client privilege, the "risk of erroneous interpretation of [its] privilege claims" due to Judge Hawley's limited review procedure, and the Court's general "interest and function in determining privilege rulings" to support its argument.  *See id*. at 9.

The Court does not find that Defendant has shown that Judge Hawley's review procedure deprived it of its procedural due process rights.  "Procedural due process claims require a two-step analysis."  *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997).  First, a court will "determine whether the [party asserting the right] was deprived of a constitutionally-protected interest in life, liberty, or property."  *Id*.  If it was, the court "then consider[s] what process was due."  *Id*.  Beyond asserting that "the attorney-client privilege is a vitally important right," First Rule 72(a) Obj. 9, Defendant points to nothing indicating that evidentiary privileges such as the attorney-client privilege are constitutionally protected property interests.  *See Tenny v. Blagojevich*, 659 F.3d 578, 581 (7th Cir. 2011) (defining a "protected property interest" as "a legitimate claim of entitlement that is defined by existing rules or understandings that stem from an independent source such as state law" (quotation marks omitted)).

Nor does it cite to anything illustrating that Judge Hawley's review procedure—in which he carefully reviewed each document withheld on the grounds of privilege, Apr. 12, 2023 Hr'g Tr. 7:6–7, 8:25–9:4—provided Defendant with less than the process it was due. Courts have "wide discretion in managing the discovery process," *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011), and Defendant has failed to show that the review procedure on which Judge Hawley decided was anything other than a proper exercise of that discretion. *See also* 28 U.S.C. § 636(b)(1)(A) (providing that district courts can refer non-dispositive tasks to magistrate judges).

It is true that that Judge Hawley did initially contemplate a procedure in which he would have given Defendant a chance to provide briefing should he come to an adverse privilege finding. *See* Mar. 16, 2023 Hr'g Tr. 9:20–22. And Defendant may well have hoped to take advantage of that procedure. But it has simply failed to show the Court that Judge Hawley's subsequent conclusion that it was not necessary to review briefing because the documents themselves were sufficient to make a privilege determination, *see* June 14, 2023 Hr'g Tr. 6:21–7:2, deprived it of its procedural due process rights.[4] As such, the Court does not find that Judge Hawley's decision to review only the documents withheld on the grounds of privilege and to not review additional information provided by Defendant as to the context of the documents was clearly erroneous or contrary to law.[5]

---

[4] As Plaintiffs note, *see* Mem. Supp. Resp. First Rule 72(a) Obj. 3–4, 10, ECF No. 92-1, after Judge Hawley announced his ruling at the April 12, 2023 hearing, *see* Apr. 12, 2023 Hr'g Tr. 8:23–10:8, Defendant's counsel indicated that he "underst[oo]d" the ruling and did not bring up the need for additional context at that time, *id*. at 13:18–23, 14:3–4.

[5] Because the Court does not find that Judge Hawley's review procedure violated Defendant's procedural due process right, it need not address whether the procedural posture of the Second Rule 72(a) Objection, as an appeal of Judge Hawley's denial of the Motion for Further Consideration, affects the legal standard of the review in any way.

### b.  Scope of Attorney-Client Privilege

Defendant also objects to Judge Hawley's interpretation of the scope of the attorney-client privilege, as articulated at the June 14, 2023 status conference, arguing that the privilege is "significantly broader in scope" than Judge Hawley's "overly narrow interpretation."  Second Rule 72(a) Obj. 8.  Defendant takes issue with Judge Hawley's focus on the need for documents to contain legal advice to qualify for the privilege and contends that Judge Hawley failed to consider that the communication of factual information to counsel "for the purpose of facilitating legal advice" also falls under the privilege.  *Id.* at 10–12.

The Court declines to consider this objection because it is not timely.  Any objection to a magistrate judge's order must be brought within 14 days; "[a] party may not assign as error a defect in the order not timely objected to."  Fed. R. Civ. P. 72(a); *see* Civil LR 72.2(A).  While Defendant frames the Second Rule 72(a) Objection as an appeal of Judge Hawley's June 14, 2023 order denying the Motion for Further Consideration, *see* Second Rule 72(a) Obj. 1, it really takes issue with the legal standard Judge Hawley used to evaluate the documents and determine they could not be withheld under the attorney-client privilege—a decision that was issued on April 12, 2023.  *See* Apr. 12, 2023 Hr'g Tr. 8:23–10:8.  That is well more than 14 days prior to June 28, 2023, the date on which the Second Rule 72(a) Objection was filed.  Thus, Defendant cannot now claim Judge Hawley's interpretation of the scope of the attorney-client privilege was clearly erroneous or contrary to law.

## CONCLUSION

For the foregoing reasons, Defendant The Toro Company's first Rule 72(a) objection, ECF No. 85, is OVERRULED, and Defendant's second Rule 72(a) objection, ECF No. 95, is

OVERRULED.  Magistrate Judge Jonathan E. Hawley's April 12, 2023 ruling, *see* Apr. 12, 2023

Min. Entry, and June 14, 2023 ruling, *see* June 14, 2023 Min. Entry, are AFFIRMED.

Entered this 22nd day of September, 2023.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE