UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| REBEKAH HILLMAN, Individually and as Next Friend of P.M.., a minor, AND JENNIFER HILLMAN<br><br>        Plaintiffs,<br><br>v.<br><br>THE TORO COMPANY,<br><br>        Defendant. | NO. 4:21-cv-04081-SLD-JEH |

**DEFENDANT THE TORO COMPANY'S**
**MOTION IN *LIMINE***

Defendant The Toro Company ("TTC") files the following motion in *limine* to prevent the introduction of any evidence or reference to the following unless specifically permitted by the Court:

## I.    LEGAL STANDARD

A motion in limine is a request for the court's guidance concerning an evidentiary question. *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). The Court may give such guidance by issuing a preliminary ruling regarding admissibility. *Id*. at 571. Judges have broad discretion when ruling on motions in limine. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The purpose of a motion in limine is to prevent the jury from hearing evidence that is "clearly inadmissible on all possible grounds." *Anglin v. Sears, Roebuck & Co.*, 139 F.Supp.2d 914, 917 (N.D. Ill. 2001).

TTC requests an Order in *Limine* requiring (1) that no attorney shall make mention, refer to or suggest any of the following matters in the presence or hearing of the jury, the jury panel, or any

member of either, without first approaching the bench and securing a ruling from the Court authorizing the reference, and (2) that attorneys admonish their clients, clients' representatives and all non-adverse witnesses they may call to testify to refrain from making any statement about or reference to the matters set forth below, unless it is essential to respond truthfully to a question asked by opposing counsel.

## II.  MOTION IN *LIMINE*

1.  **REFERENCE TO RECALL NOTICES:**  That TTC has ever sent any recall notices for the lawnmower model at issue.  This mower model has not been recalled, and the implication made by any reference to recall notices would be misleading and prejudicial. Regardless, such information is inadmissible under Federal Rule of Evidence 407.

2.  **TTC'S PRODUCTS DEFECTIVELY MANUFACTURED:** That the mower at issue was defectively manufactured (Plaintiffs only plead claims are for design defect and failure to warn).  To recover for a manufacturing defect, a plaintiff must show that a finished product contains a manufacturing defect when it departs from its intended design even though all possible care was exercised in the preparation and marketing of the product. Restatement (Third) of Torts: Products Liability § 2, at 14 (1998). Plaintiffs have not plead such a claim, have not disclosed such evidence and have not designated anyone to testify about a manufacturing defect.

3.  **COMMITMENT OF RESOURCES:**  The amount of money TTC has spent or incurred for attorneys' fees, expert witness fees, or expenses to defend this case or the amount of money Plaintiffs have spent or incurred for attorneys' fees, expert witness fees, or expenses to prosecute this case.

4.  **SIZE OF LAW FIRMS:**  References to the number of attorneys or legal assistants or the location of TTC's attorneys' law firms or Plaintiffs' attorneys' law firms.

5.  **SIDEBAR PORTIONS OF DEPOSITIONS:** Counsel and witnesses shall not mention or attempt to read to the Jury any non-relevant exchanges between counsel for Plaintiffs and counsel for TTC during depositions or in other discovery responses.

6.  **QUESTIONS TO DEFENSE COUNSEL:**  Plaintiffs' counsel shall not pose any questions to TTC's counsel in front of the Jury.

7.  **USE OF SUPERSEDED INTERROGATORY ANSWERS OR DISCOVERY RESPONSES:**  Counsel and witnesses shall not make any reference to or use of superseded interrogatory answers or other discovery responses as direct evidence, except those that are to be used for impeachment.

8.  **INFLAMMATORY PHOTOGRAPHS AND VIDEOTAPES:**  Plaintiffs' counsel shall not publish or inform the Jury as to the content of any inflammatory photographs or videotapes.  The

probative value, if any, of such photographs or videotapes is far outweighed by the prejudice, horror and sympathy-evoking effect such photographs or videotapes would have upon the Jury. FED. R. EVID. 403.

9. **DEFACING EXHIBITS:**  Plaintiffs' counsel shall not alter, modify, add to, or write on the exhibits, evidence, or demonstrative aids introduced or used by TTC. The parties agree that a copy of an exhibit may be marked on.  (Example:  A copy of an exhibit may be made and presented to a witness to mark, modify, etc., just so that the original exhibit is not marked.)

10. **POST-TRIAL MATTERS:**  Parties and their counsel shall not mention to the Jury that the judge or an appellate court may have a right, duty or ability to alter or change the ultimate verdict of the Jury in this cause or to review the verdict in any manner.

11. **TTC'S SWORN DISCOVERY RESPONSES FROM OTHER CASES:**  Plaintiffs' counsel may use TTC's sworn responses to written discovery from other cases only for purposes of impeachment; otherwise they may not be used at trial. TTC' sworn responses to written discovery are irrelevant and would create a substantial danger of undue prejudice to TTC and mislead the Jury. FED. R. EVID. 401, 402, 403.

12. **DEFECTIVE/DANGEROUS PRODUCT ALLEGATIONS:** Plaintiffs' counsel shall not mention, imply or suggest that any of TTC's products have been declared defective or unreasonably dangerous by any court, by any Jury, or by any governmental agency or body. FED. R. EVID. 402, 802.

13. **DAMAGES BASED ON PASSION:** Plaintiffs' counsel shall not use phrases such as "send TTC a message," "set the safety standard in Illinois" or any other such language which is calculated to have the Jury assess the potential damages (punitive or otherwise) based upon an emotional response and not upon the evidence. Passion and prejudice are improper motives upon which to base an award of damages. Fed. R. Evid. 403; *See Bruce v. City of Chicago*, No. 09C4837, 2011 WL 3471074, at *6 (N.D. Ill. July 29, 2011) (granting defendant's motion in limine barring plaintiff from arguing that the jury should "send a message" to defendant).

14. **REFERENCES TO OTHER ACCIDENTS:** Counsel and witnesses shall not reference or mention any other accidents involving any mower manufactured by TTC or any of its divisions or subsidiaries, which are not a "substantially similar circumstance" or do not otherwise meet the requirements of admissibility. *See Wallis v. Townsend Vision, Inc.*, 648 F.Supp.2d 1075, 1082 (7th Cir. 2009) (citing *Nachtsheim v. Beech Aircraft Corp.*, 847 F.2d 1261, 1268 (7th Cir. 1988)).

15. **REFERENCES TO OTHER ACCIDENTS INVOLVING OTHER MOWER BRANDS OR MODELS:** Counsel and witnesses shall not reference or mention any other accidents involving other unrelated mower brands or models. Such references will confuse the issues for the jury. Fed. R. Evid. 403.

16. **PRETRIAL MATTERS:** Counsel and witnesses shall not mention any action by the Court in ruling upon any matter prior to the actual trial of this case or that the pleadings or other matters filed by either party were in a particular form or of a particular nature.

17. **JURY VERDICTS, COURT AWARDS, OR SETTLEMENT IN ANY OTHER LAWSUIT:** Counsel and witnesses shall not mention any jury verdicts, court awards, or settlements in any other lawsuit. Such references will confuse the issues for the jury and are substantially more prejudicial than probative. Fed. R. Evid. 403.

18. **PRIVILEGE:** Counsel and witnesses shall not mention any parties' asserted claims of privilege during discovery or a party's communications with their respective attorneys. Fed. R. Evid. 503.

19. **CRITICISM OF OPPOSING COUNSEL:** Plaintiffs' counsel shall refrain from any personal criticisms of opposing counsel.

20. **PAST CRIMINAL CONVICTIONS:** Counsel and witnesses shall not mention any witness's past criminal records or convictions.

21. **INSURANCE:** That TTC is or is not protected, in whole or in part, by liability insurance, or all or any part of the costs of defense, or of any resulting judgment, are or will be paid by an insurance company, or any other matter suggesting an involvement of any insurance company with the defense of the case.

22. **SETTLEMENT NEGOTIATIONS OR MEDIATION:** Any negotiations, offers, or demands with respect to any attempted settlement or mediation.

23. **DISCOVERY DISPUTES:** Any reference to discovery disputes that arose during the preparation of this case, or any case, for trial, any position taken by any party on such a dispute, or to the Court's rulings on any discovery dispute. Such disputes or rulings are irrelevant and confusing, and would create a substantial danger of undue prejudice to the parties and mislead the Jury. FED. R. EVID. 401, 402, 403.

24. **PRIOR SUITS OR CLAIMS:** That any party has been a party to any prior lawsuit, or has asserted any prior claim or defense, or that any prior claim or defense has been asserted by or against a party; provided that this clause does not prohibit inquiry about a prior injury that may have been the subject of a claim, as distinguished from the claim, suit, or settlement, if the nature of injuries claimed in the present suit make prior injuries relevant.

25. **TESTIMONY OF ABSENT WITNESS:** Any statement or suggestion as to the probable testimony of any witness or alleged witness who is unavailable to testify, or whom the party suggesting such testimony does not, in good faith, expect to testify in the trial. If the party is expected to testify by deposition, this provision does not apply to testimony contained in the deposition expected to be offered.

26. **FAILURE TO CALL WITNESS:** Any reference to the failure of an opposing party to call any witness.

27. **HARDSHIP OR PRIVATION:** Any argument or suggestion that a failure to award damages will cause a plaintiff privation or financial hardship.

28.  **GOLDEN RULE:** Any argument or suggestion that the jurors should put themselves in the position of a party.

29.  **EVIDENCE NOT PRODUCED IN RESPONSE TO A PROPER DISCOVERY REQUEST:** Calling any witness, or offering any document in evidence, if the identity of the witness or the document has not been disclosed in response to a proper discovery request or not disclosed as required by Fed .R. Civ. P. 26(a)(1). If a party has a good faith basis to urge that a witness or document should be received either because (a) no discovery request properly called for its disclosure, or (b) good cause existed for failure timely to disclose, that party shall first approach the bench and secure a ruling. Counsel are advised that to the extent possible or predictable, such matters should be addressed and a ruling sought at pretrial once the case is assigned for trial.

30.  **NET WORTH OR FINANCIAL POSITION**: Any reference to any party or witnesses' net worth or financial position.

31.  **ATTORNEY COMMENTS ON WITNESS CREDIBILITY**: Any argument or suggestion by the parties' attorneys regarding their personal opinion about the credibility of any witnesses.

32.  **PREJUDICIAL EVIDENCE**: Any reference, argument, or suggestion related to evidence whose probative value, if any, is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence" under Fed. R. Evid. 403, including but not limited to:

- Other rollover or tipover incidents which are not substantially similar to the incident at issue;
- Thomas Berry's late-disclosed supplemental videos and opinions; and
- Plaintiffs' late-disclosed photograph of the accident site relied upon by David Bilek.

33.  **OTHER CASES**: Any reference to other cases filed, tried, or defended by counsel for any party.

34.  **TTC EXPERT OPINIONS:** Any reference, argument, or suggestion that TTC's expert witnesses' opinions and testimony are based on any kind of faulty premise, measurement or data which is a result of the Plaintiffs' intentional and material alteration of the accident site before allowing TTC's expert witnesses to inspect the accident site, and/or because Plaintiffs' expert David Bilek did not perform a sufficient or reliable site survey before Plaintiffs' intentional and material alteration of the accident site.

35.  **LOSS OR DESTRUCTION OF EVIDENCE:** TTC may reference the Plaintiffs' destruction and/or material alteration of the site of the incident. This motion is based upon the Court's authority to impose sanctions for discovery abuses on the grounds that the Plaintiffs materially altered the slope and landscaping of the hill upon which the incident occurred, failed to properly preserve evidence regarding many of the important physical characteristics of the site, and failed to notify TTC in advance of the destruction or otherwise allow TTC to take steps to sufficiently preserve this vital evidence. Fed. R. Civ. P. 37; *see American Family Ins. Co. v. Village Pontiac-GMC, Inc.*, 223 Ill. App. 3d 624, 625-30, 166 Ill. Dec. 93, 585 N.E.2d 1115 (2d Dist. 1992). Therefore, TTC is entitled to refer to this fact and allow the jurors to make reasonable inferences regarding the Plaintiffs' material alteration of the incident site.

36. **INCOMPETENT WITNESS TESTIMONY:** Any testimony from the minor Plaintiff that is beyond her competency and only after it is established that she has an understanding of her duty to tell the truth.

37. **UNQUALIFIED EXPERT OPINION:** Any reference by a treating physician or other witness not duly qualified as an expert in the particular field as to the cause of the accident at issue, the mechanism of Plaintiffs' alleged injuries, the biomechanics of the accident at issue, the extent of any alleged mental, emotional or psychological injury, or the financial impact or effect of Plaintiffs' alleged injuries.

38. **UNPAID MEDICAL BILLS:** Any reference to an unpaid medical bill or unpaid balance of any medical bill where there is no evidence that the bills reflect the usual and customary charges for the types of services rendered.

39. **BILLINGS FOR ANY MEDICAL TREATMENT NOT REASONABLE AND NECESSARY:** Any reference to medical treatment where Plaintiffs' experts have failed to establish in pretrial discovery that the billings were reasonable and necessary for the treatment of injuries arising from the subject incident and proper foundation cannot be established (*e.g.,* that medical testimony is not based upon a reasonable degree of medical certainty).

### III.     CONCLUSION

TTC requests that the foregoing motion in *limine* to prevent the introduction of any evidence or reference to the above listed issues be granted and for such other and further relief to which TTC may be justly entitled.

Respectfully submitted,

**Parsky & Galloway, LLC**

/s/ Thomas G. Grace
Thomas G. Grace,
*Attorney for Defendant, The Toro Company*

October 30, 2023

Thomas G. Grace, Esq.
Parsky & Galloway, LLC
120 N. LaSalle St., Suite 3200
Chicago, IL  60602
Tel. 312-551-2130
tgg@pg-lawoffice.com

Kirk T. Florence, Esq.
Kilpatrick Townsend & Stockton, LLP
2001 Ross Ave., Suite 4400
Dallas, TX  75201
Telephone: 214-922-7139
Email: KFlorence@kilpatricktownsend.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 30, 2023 I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for that counsel or parties who are not authorized to receive electronic Notice of Electronic Filing:

STEVEN J. CROWLEY
EDWARD J PRILL
ANDREW MAHONEY
CROWLEY & PRILL
3012 Division Street
Burlington, Iowa 52601
Phone:       (319) 753-1330
Email:       SCrowley@CrowleyPrillattorneys.com
             EPrill@CrowleyPrillAttorneys.com
             AMahoney@CrowleyPrillAttorneys.com

JASON M. SCHIFFMAN
SCHIFFMAN FIRM, LLC
1300 Fifth Avenue
Pittsburgh, PA  15219
Phone:       412-288-9444
Email:       Jason@SchiffmanFirm.com


**Parsky & Galloway, LLC**

<u>/s/ Thomas G. Grace</u>
Thomas G. Grace,
*Attorney for Defendant, The Toro Company*

Thomas G. Grace, Esq.
Parsky & Galloway, LLC
120 N. LaSalle St., Suite 3200
Chicago, IL  60602
Tel. 312-551-2130
tgg@pg-lawoffice.com