# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS, ROCK ISLAND DIVISION**

| | |
|---|---|
| REBEKAH HILLMAN, individually and as next friend of P.J.H., a minor; AND JENNIFER HILLMAN<br><br>     Plaintiffs,<br>v.<br><br>THE TORO COMPANY, a corporation,<br><br>     Defendant. | No. 4:21-cv-04081-SLD-JEH |

---

**PLAINTIFF JENNIFER HILLMAN'S ANSWERS TO DEFENDANT TORO's**
**SUPPLEMENTAL INTERROGATORIES**

---

COMES NOW Plaintiff Jennifer Hillman, by and through her attorneys, Crowley & Prill, and for her Answers to Defendant's Supplemental Interrogatories directed to her, hereby states as follows:

**Supplemental Interrogatory No. 10:** In your response to Interrogatory No. 7, Plaintiff Jennifer Hillman states that the Hill Modification occurred following the Incident. Provide the following information regarding the Hill Modification:

A.  Describe in detail the reason(s) for the Hill Modification and the work performed as part of the Hill Modification;

B.  Identify the date that the work on the Hill Modification began and when it ended;

C.  Provide the name, address and contact information of all individuals and or businesses who performed the work associated with the Hill Modification;

D.  Identify and describe any documents associated with the Hill Modification including but not limited to designs, plans, sketches, purchase orders, change orders, permits, photographs, and videos (other than the photographs taken by David J. Bilek of Mechanical Analysis, Inc.); and

E.  Provide the date, amount and payee of any payment made by you, Plaintiff Rebekah Hillman, or anyone else on your behalf in any way related to the Hill Modification.

**ANSWER:**

Plaintiffs object to supplemental interrogatory #10 to the extent it is burdensome and duplicative of other information already provided to Toro.  In addition, the questions posed are often poorly phrased, prolix and confusing as phrased. Nevertheless, subject to the foregoing objections, Plaintiffs state:
Plaintiffs incorporate all interrogatory answers and production of documents and information already produced in discovery and initial disclosures as if set forth fully.

A.  As I said in my previous interrogatory answer, whenever the three of us looked at the spot where the mower went out of control and Rebeka lost her leg, we were all reminded of that terrible day and what happened.  It seemed like every time Payton would go out on the deck and look at the wall, she would cry.  The whole scene just reminded me of how she laid there screaming in pain and how terrified my daughter and I were seeing someone we loved so horribly injured.  Rebekah is a strong woman and the front of the mower smashed her legs so badly one was barely holding on by a thin amount of flesh when I got the mower off of her.

B.  My best memory is that the work on the hill started during the week after Mr. Bilek did the digital survey of the hill as it was on the date of the injury which I understand my attorneys gave you long ago.  This started with conversations by Karl Drapaux, Rebekah's union rep and Ann Walsh of Walsh, the company Rebekah was working for at the time.  These folks really thought the world of Rebekah and wanted to know if there was anything they could do for us.  I made the remark something like "Well, you could take the hill down." So, to my surprise they offered to do it. I paid a contractor $200 to cut the trees down. It was painful to look at that scene we all wanted it changed for Payton's mental health and our terrible memories of that scene.

Then, Karl and the union guys brought a bulldozer and other equipment to our property.  I cannot remember the date the work was actually done.  I do not think we were home, but in an afternoon, they bulldozed the hill down and removed the trees. I think the name of the dozer operator was Ryan.  We had no plans, contract, or blueprints—only my request that they flatten that hill.  These friends of ours knew how bad this scene took us back to that awful day and traumatized us, so they volunteered their labor at no cost to us. So, we have no invoices or canceled checks.

     C.     The hill was dozed off same day it was started.

     D.     I don't know the names and addresses of everyone who worked on the project that afternoon.

     E.     There is no documentation such as plans, blueprints, invoices or contracts.

     F.     The only thing I recall paying for was the cost of a separate contractor just cutting the trees down before the heavy equipment operators arrived. I cannot find that but I will look further.

Respectfully submitted,


By: /s/ Steven J Crowley
Lead Counsel


REBEKAH HILLMAN, individually and as next friend of P.J.H., a minor; and JENNIFER
HILLMAN Plaintiffs
Steven J Crowley Lead Counsel ARDC#6314756
Edward J. Prill ARDC#6271392
CROWLEY & PRILL
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@cbp-lawyers.com
E: eprill@cbp-lawyers.com
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on *Friday, October 28, 2022*, I electronically filed the
foreground with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being
served this day on all counsel of record identified below via transmission of Notices of Electronic
Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who
are not authorized to receive electronic Notice of Electronic Filing:

Michael Giacopelli
Thomas Grace
Jonathan R. Sichtermann
McVey & Parsky, LLC
30 North LaSalle Street, Suite 210
Chicago, Illinois 60602
Email: mng@mcveyparsky-law.com
Email: tgg@mcveyparsky-law.com
Email: jrs@mcveyparskylaw.com
Attorneys for The Toro Company

11