**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS, ROCK ISLAND DIVISION**

| | |
|---|---|
| REBEKAH HILLMAN, individually and as next friend of P.J.H., a minor; AND JENNIFER HILLMAN<br><br>                 Plaintiffs,<br>v.<br><br>THE TORO COMPANY, a corporation,<br><br>                 Defendant. | No. 4:21-cv-04081-SLD-JEH |

**PLAINTIFFS' DAUBERT CHALLENGES AND MOTIONS IN LIMINE ISSUES 19 THROUGH 28 REGARDING TORO'S PROFFERED EXPERT TESTIMONY (F.R.E. 403, 701, 702 and 703, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2nd. 469 (1993)**

**ORAL ARGUMENT REQUESTED**

**REQUESTED RELIEF**

COME NOW the plaintiffs, by and through their counsel, before trial of this matter, and ask the Court to enter an Order:

1. Finding that Toro's proposed expert testimony challenged herein, under the Court's authority as "gatekeeper" (*Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2nd. 469 (1993)), lacks sufficient reliability and/or relevance to allow for its admission, and enter an Order in Limine excluding mention of the opinions or testimony; and;

2. Entering an Order in Limine restricting Toro's counsel, and witnesses, from offering any evidence, testimony, questions, comments, or argument regarding the issues of expert opinion, conclusion or testimony listed below.

**Plaintiffs' Daubert Challenges and Motions in Limine Regarding Expert Testimony**

**Issue No. 19. Undisclosed Expert Opinions and Evidence.** The Court should enter an Order in Limine restricting Toro from trying to elicit or introduce any expert opinions and conclusions (as defined by Federal Rules of Evidence 702, 703, and 704) of any witness, including Toro's current or former employees, that have not been timely and expressly identified under Fed. R. Civ. P. 26(a)(2). Introducing evidence of undisclosed expert opinions violates the disclosure requirements of Fed. R. Civ. P. 26 and results in often irreparable unfair prejudice to Plaintiffs. Not only is an undisclosed opinion unfair surprise, offering such an opinion circumvents the opportunity to do discovery concerning the opinion and to challenge the opinion under the requirements of *Daubert, id.* for reliability.

**Issue No. 20. Alleged Absence of Sufficient Fatalities or Serious Injuries as Proof of Reasonable Safety.** The Court should enter an Order in Limine restricting Toro from trying to elicit or introduce any evidence or testimony asserting that the accident mower is reasonably safe based on the alleged absence of sufficient reports to Toro of serious injuries and fatalities to indicate the mower is unsafe. Such testimony is directly contrary to the scientific method, as the proponent is trying to use the absence of evidence as proof of a positive fact without any reliable proof or scientific basis. At best, Toro's records of serious injuries and death is anecdotal and has no statistical validity to make such conclusions.

**Issue No. 21. Alleged Difference in "Mowing Environments" and "Use Patterns" to Justify Equipping "Commercial" Grade ZRT Mowers with a ROPS and not "Consumer" Level ZRT Mowers.** The Court should enter an Order in Limine restricting Toro from trying to elicit or introduce any evidence or testimony asserting that the different mowing environments between commercial mowing services and homeowners using Toro ZRTs justified the exclusion of a ROPS from Plaintiffs' "consumer" mower in 2013. Such testimony is directly contrary to the

scientific method as the proponent is trying to use the absence of evidence as proof of a positive fact without any reliable proof or scientific basis. At best, Toro's assertions are speculative and anecdotal. Toro has no studies, no testing or statistical data to make such expert opinions and conclusions.

**Issue No. 22. Alleged Center of Gravity Issues as Justification for Exclusion of a ROPS from Consumer ZRTs, Such as The Accident Mower Purchased by The Hillmans.** The Court should enter an Order in Limine restricting Toro from trying to elicit or introduce any evidence or testimony asserting that balance or center of gravity issues justified the exclusion of a ROPS from Plaintiffs' "consumer" ZRT mower in 2013. Toro has admitted it did no testing of consumer mowers involved in this case to determine what, if any, effect any specific ROPS design would have on the functional center of gravity of the mower. Again, when Toro employees testify that could have been a consideration, they are speculating and Toro has not produced any scientific data to support the statement relative to this case.

**Issue No. 23. Attempting to Justify the Lack of An Independent Service Brake on Plaintiffs' Mower Because It Would "Conflict" With the Hydrostatic Motors, Or for Any Other Unidentified Expert Engineering/Scientific Opinion.** The Court should enter an Order in Limine restricting Toro from trying to elicit or introduce any evidence or testimony asserting that Toro was prevented from equipping the accident mower with an independent "service brake" capable of operating when the hydrostatic motors were disconnected or failed, because such a brake would "conflict" or "work against" the hydrostatic motors. First, there are a plethora of

3

mowing and turf care machines driven with hydrostatic power that also have independent braking systems that work even when the hydrostatic system fails.[1]

**Issue No. 24. Toro Should Be Precluded from Arguing That the Accident Mower Conformed to The State of The Art in Safe Mower Design When It Was Manufactured In 2013, Or That It Complied with ANSI Standards.** The Court should enter an Order in Limine restricting Toro from trying to elicit or introduce any evidence or testimony asserting that the accident mower sold to the Hillmans was the state of the art at the time it was manufactured, or that it complied with all ANSI standards applicable to the machine. ANSI standards were not, by any definition, state of the art, or even industry custom and practice. ANSI's own publication begins with an admonition that no person or entity is allowed to characterize ANSI standards as guaranteeing reasonable safety. ANSI is a private, voluntary, organization, whose "standards" are selected by consensus of the governed. ANSI B71.1 is a set of minimum specifications accepted by a consensus of the mower manufacturers, is purely voluntary and ANSI has no power to enforce compliance with any standard.

**Issue No. 25. Experts Expressing Legal Opinions Regarding "The Cause" Of Injury, Or Such Legal Concepts Described in The Jury Instructions as Negligence, Fault and Proximate Cause.** The Court should enter an Order in Limine prohibiting Toro and its counsel or witnesses from trying to elicit or present legal opinions or conclusions concerning such legal concepts as fault, negligence, legal causation, proximate cause, or comparative fault, as such matters are solely the province of the Court through its instructions and the jury. The Order should be applicable to retained experts, as well as Toro employees who may testify.

---

[1] For example, many John Deere garden tractors have, for decades, been controlled by two hydrostatic drive pedals, one for forward and one for reverse (for both rear wheels). A third pedal controls a totally independent braking system.

**Issue No. 26. Toro Should Not Be Allowed to Claim That the Accident Mower Was Reasonably Safe Because It Complied with Private, Industry Consensus Standard B.71.1.**

The Court should enter an Order in Limine directing Toro that it is not allowed to argue, comment or present any expert testimony that the subject mower was reasonably safe because it complied with ANSI B71.1, because the standard is not a safety standard created by any government entity or safety related authority, but is merely a set of voluntary, minimum requirements set by the mower industry. In fact, ANSI specifically prohibits anyone from interpreting its standards to opine that compliance assures that the product is reasonably safe.

### Specific Toro Retained Experts

**Issue No. 27. Opinions of Toro Retained Expert, Enrique Bonugli, Which Should Be Excluded as Lacking the Reliability and Relevance Required by *Daubert, id* and Its Progeny.**

The Court should enter an Order in Limine excluding the following opinions of Enrique Bonugli, of Biodynamic Research Corporation:

 a. Any testimony, evidence, opinions or conclusions that some (mysterious) motive force pushed, or struck, and accelerated the accident mower at the top of the hill, with Rebekah riding on it, to get it started down the hill after Rebekah disengaged the electric park brake;

 b. That, absent the mysterious, motive force (pushing or hitting with tractor) on the rear of the accident mower, the mower would have come to a stop before going over the retaining wall, if Rebekah had just left the control levers in the outboard position;

 c. Any testimony, opinions or conclusions about the alleged "effectiveness" of the electric park brake on the accident mower on June 18, 2020; and,

 d. Any testimony, opinions or conclusions about the alleged "acceleration" or speed of the accident mower due to the mysterious, motive force on June 18, 2020.

**Issue No. 28.  Opinions of Toro Retained Expert, Lisa P. Gwin, DO, Which Should Be Excluded as Lacking the Reliability and Relevance Required by *Daubert, id* and Its Progeny.**

The Court should enter an Order in Limine excluding the following opinions of Lisa P. Gwin, DO, of Biodynamic Research Corporation:

a. Any testimony, evidence, or opinions and conclusions about how Rebekah Hillman would have moved if, at the time of her accident, the mower was equipped with a ROPS (protective structure and seatbelt) and Rebekah was properly restrained in her seatbelt;

b. Any testimony, evidence, or opinions and conclusions that if the mower had been equipped with a ROPS, Rebekah could have either not used the seatbelt, or unbuckled the seatbelt and jumped off the mower resulting in the same injuries; and,

c. Any testimony, evidence, or opinions and conclusions that if the mower had been equipped with a ROPS and Rebekah remained belted throughout the event, her injury outcome would likely have been worse than in the subject accident.

Plaintiffs respectfully request oral argument of these motions as they are crucial to the fair, orderly and expeditious trial of this smatter.

WHEREFORE, Plaintiffs ask this Court for an Order in Limine as requested herein, and for such other relief as the Court deems appropriate in the circumstances to promote the just and expeditious trial of this matter.

Respectfully submitted,

By: /s/ Steven J Crowley
Lead Counsel

REBEKAH HILLMAN, individually and as next friend of P.J.H., a minor; and JENNIFER HILLMAN Plaintiffs
Steven J Crowley Lead Counsel ARDC#6314756
Edward J. Prill ARDC#6271392
CROWLEY & PRILL
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on *Monday, October 30, 2023*, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing:

Michael Giacopelli
Thomas Grace
Jonathan R. Sichtermann
McVey & Parsky, LLC
30 North LaSalle Street, Suite 210
Chicago, Illinois 60602
Email: mng@mcveyparsky-law.com
Email: tgg@mcveyparsky-law.com
Email: jrs@mcveyparskylaw.com

Jason Schiffman
Schiffman Firm, LLC
1300 Fifth Avenue
Pittsburgh, PA 15219
P: (412) 288-9444
F: (412) 288-9455
E: jason@SchiffmanFirm.com
ATTORNEY FOR PLAINTIFFS

Kirk T. Florence
Kilpatrick Townsend & Stockton LLP
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
P: (214) 922-7100
F: (214) 279-9194
kflorence@kilpatricktownsend.com
ATTORNEYS FOR THE TORO COMPANY