### UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS, ROCK ISLAND DIVISION

| | |
|---|---|
| REBEKAH HILLMAN, individually and as next friend of P.J.H., a minor; AND JENNIFER HILLMAN<br><br>Plaintiffs,<br>v.<br><br>THE TORO COMPANY, a Corporation,<br><br>Defendant. | No. 4:21-cv-04081-SLD-JEH |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY BRIEF TO DEFENDANT TORO'S RESISTANCE TO PLAINTIFFS' MOTION IN *LIMINE*

COME NOW the plaintiffs, by and through their attorneys, and, pursuant to Local Rule 7.1(B)(3), ask the Court for permission to file a Reply Brief to Toro's Responses (Dkt.174 & 175) to Plaintiffs' Motion in *Limine* Issues 1-28 (Dkt.155 & 158), in support of which they state:

1. The deadline for completion of discovery in this case was August 18, 2023. (Text Order dated July 27, 2023)

2. The parties jointly agreed to request the Court set deadlines for pretrial motions in *limine* and *Daubert* motions and filed this request on September 7, 2023. (Dkt.112) The Court granted this request and set the deadline for these pretrial motions to be filed by October 30, 2023 and responses were due on November 27, 2023. (Text Order dated September 22, 2023)

3. Defendant's MILs, and even resistances, presume spoliation and that supplemental rebuttal evidence which was not timely disclosed (even though it might not have been required) and done in response to Bonugli's failure to test his outside motive force hypothesis on the subject mower. Spoliation was never pled, filed by Toro nor identified as an issue in discovery prior to the close

of discovery. After Mr. Berry did a few simple tests on the accident mower refuting Bonugli's opinions, Toro had an opportunity to take a supplemental deposition and all testing video, data and results data were provided before the close of discovery.

4. Rather than alert the plaintiffs and the Court by filing proper motions and getting rulings after briefing and argument, Toro merely "embedded" the claims of spoliation and untimely rebuttal disclosure as two Rule 37 sanctions as if they had filed their motions and obtained favorable rulings from the Court.

5. Under this peculiar circumstance, Plaintiffs filed a separate Resistance to the embedded Rule 37 Motions which appear in Defendant's MILs (Dkt.169), which is incorporated by reference in the Reply in lieu of repeating the whole argument verbatim.

6. Defendant filed extensive *Daubert* and motion in *limine* issues that focused substantially on their new theory of spoliation and alleging untimely supplementation of rebuttal evidence that had never been raised by Defendant during the entire pendency of this case. (Dkt.152-154 & 156.)

7. On November 27, 2023, Defendant filed extensive resistances that continued to use the same spoliation claims as a central theme. (Dkt.174 & 175) Defendant also included entirely new Affidavits from their expert witnesses, Dr. Gwin and Mr. Bonugli, that contained new opinions and elaborated upon existing opinions to a new and previously undisclosed degree. (Dkt.176 & 176-1)

8. Defendant's resistances also contained numerous new arguments, mischaracterizations and misrepresentations of fact and evidence, and intended to confuse the issues before the Court. Plaintiffs' Reply Brief deals with many of these conflated and confusing arguments.

9. With respect to TTC's new expert reports, first, Toro now produced an entirely new expert opinion from Mr. Bonugli criticizing the quality of Mr. Bilek's digital survey and photographs of

the accident hill (Dkt.176), which he now claims compromised his ability to gather evidence to defend Toro. Of course, Bonugli says nothing but conclusory statements with no factual or scientific data or support. Second, Dr Gwin opines that she read a lot of "peer-reviewed" stuff to support her opinions, but never references or produces one piece of paper or any document to support for her version of the accident reconstruction and biomechanical results based on her unsupported opinion of the mower's motion if it had a ROPS. Finally, Gwin also says she read a lot of materials Toro claims should entitle her to speculate and say that maybe Rebekah would not have worn her seatbelt and still jumped from the mower even if it had been equipped with a ROPS with proper seatbelt. (Dkt.176-1) Last, but not least, Toro argues that Mr. Berry did not provide an alternative design for the lack of an independent brake, which is totally false, as the Court can see from the quoted report language.

10. Plaintiffs' Proposed Reply does not address all of Toro's arguments, only those Plaintiffs felt needed a reply. The Proposed Reply Brief is primarily limited to the new issues and the seriously conflated and confusing arguments raised by Defendant.

11. Plaintiffs' Proposed Reply is necessary in order to correct the record, place the evidence back in the proper context and address the new opinions and arguments provided by Defendant's experts that were never produced before. As such, Plaintiffs assert that there is good cause to permit Plaintiffs to file the attached Reply Brief.

12. Plaintiffs' Reply is 19 pages in length, but less than 7,000 words, and attached as an Exhibit to this Motion.

WHEREFORE, Plaintiffs ask the Court for an Order, allowing them to file their Reply, attached hereto, and for such other guidance and relief as the Court may deem appropriate in the circumstances.

Respectfully submitted,

By: /s/ Steven J Crowley
Lead Counsel

REBEKAH HILLMAN, individually and as next friend of P.J.H., a minor; and JENNIFER HILLMAN Plaintiffs
Steven J Crowley Lead Counsel ARDC#6314756
Edward J. Prill ARDC#6271392
CROWLEY & PRILL
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on *Wednesday, December 13, 2023*, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing:

Michael Giacopelli
Thomas Grace
Jonathan R. Sichtermann
McVey & Parsky, LLC
30 North LaSalle Street, Suite 210
Chicago, Illinois 60602
Email: mng@mcveyparsky-law.com
Email: tgg@mcveyparsky-law.com
Email: jrs@mcveyparskylaw.com

Jason Schiffman
Schiffman Firm, LLC
1300 Fifth Avenue
Pittsburgh, PA 15219
P: (412) 288-9444
F: (412) 288-9455
E: jason@SchiffmanFirm.com
ATTORNEY FOR PLAINTIFFS

Kirk T. Florence
Kilpatrick Townsend & Stockton LLP
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
P: (214) 922-7100
F: (214) 279-9194
kflorence@kilpatricktownsend.com
ATTORNEYS FOR THE TORO COMPANY