UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, ROCK ISLAND DIVISION

| | |
|---|---|
| REBEKAH HILLMAN, individually and as next friend of P.J.H., a minor; AND JENNIFER HILLMAN<br><br>Plaintiffs,<br><br>v.<br><br>THE TORO COMPANY, a corporation,<br><br>Defendant. | No. 4:21-cv-04081-SLD-JEH |

**RESISTANCE TO DEFENDANT TORO'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION FOR AN EXTENSION (Dkt.178)**

COME NOW the plaintiffs, by and through their attorneys, and hereby RESIST Defendant Toro's Motion to Strike and its Motion for an Extension of Time to Resist Plaintiffs' Motion to Exclude Mr. Bonugli for Failure to Disclose the basis for his opinions in this case, and ask that the Court DENY the Motions based on the record already before the Court, for the reasons set out below.

**UNDISPUTED FACTS**

1. Conspicuously absent from Toro's rambling, and often hyperbolic, Motion, is:

    a. Acknowledgement that Toro refused to produce Bonugli's computer modeling and photographic files in usable and understandable form to check his work, despite the requirements of Fed. R. Civ. P. Rule 26 and the party's stipulation which required analysis and data (not PDFs) be produced;

    b. Acknowledgement that this entire dispute was created by Toro and/or Toro's counsel, who instructed Bonugli to modify the data, create and produce only PDFs and not data and analysis files two days before his deposition, knowing Plaintiffs and their counsel would not have time to review and discover that the files were useless to determine if Bonugli had honestly and correctly applied the facts to his methodology as required by Rule 26, the stipulation and *Daubert*; and,

    c. Acknowledgement that <u>before</u> filing the Motion to Exclude Bonugli, Plaintiffs' counsel gave Toro from October 11, 2023 (Dkt.165-6), through November 14, 2023 (See Dkt.165-7, Dkt.165-8 and Dkt.165-10), to simply produce the original versions of Bonugli's data and analysis files so that Plaintiffs could understand and check what Bonugli had done to support his opinions and conclusions under Rule 703.

2. Nowhere in the 13-page Motion filed by Toro do they explain <u>why they just did not produce Bonugli's native work product, modeling files, data and analysis in response to Plaintiffs' initial letter, dated October 11, 2023.</u> (Emphasis mine)

3. Nowhere in the Motion does Toro cite any law for the proposition that a litigant in Federal Court can deny the opposing party access to a retained expert's work product and calculations in usable form to understand what he/she did and if it was accurate. That is because Fed. R. Civ. P. 26(2)(B)(ii) requires it be produced.

4. The stipulation of the parties, which Toro signed, described the expert file to be produced as:

> ***3. All notes, memoranda, testing information, data compilations, analysis, etc reflecting the expert's work or the work of any other staff or expert whose work forms the basis of any opinions;***

There is no mention of PDFs and Bonugli sent no original engineering materials from which Plaintiffs' expert could check his work.

5. Instead of just complying with Fed. R. Civ. P. 26(2)(B)(ii), requiring the retained expert to produce "*the facts or data considered by the witness in forming them*", Toro claims that Plaintiffs' request for PDFs during production of unrelated documents and materials from Toro a) supersedes the language of the stipulation Toro signed about disclosure of expert files and b) Fed. R. Civ. P. 26 requirement that a retained expert disclose his/her tests, data, analysis and work product which are the basis for his/her opinions.

## THE MOTION TO STRIKE IS INAPPROPRIATE UNDER RULE 12(F)

6. Rule 12(f) permits the Court to strike parts of the complaint that are "redundant, immaterial, impertinent or scandalous." Fed. R. Civ. P. 12(f)

7. "Motions to strike, however, are disfavored and will usually be denied." *Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc.*, 11 F. Supp. 2d 1006, 1009 (N.D. Ill. 1998). To strike a pleading, Defendants must generally demonstrate that "the allegations being challenge are so unrelated to plaintiff's claim as to be void of merit and unworthy of any consideration and that the allegations are unduly prejudicial." *Id.* (internal citations omitted). Prejudice occurs when the pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party. *Id.* Statements or allegations should not be stricken from a pleading "unless it is clear that it can have no possible bearing on the subject matter of the litigation." *Capitol Indem. Corp. v. Tranel Devs., Inc.*, 144 F.R.D. 346, 347 (N.D. Ill. 1992). (Centreville Citizens for Change v. city of Cahokia Heights 640 F. Supp 3d. 831 (US Dist Ctr S. D. llinois 2022)

8. Defendant is not asking to strike Plaintiffs' Motion to Exclude Bonugli because it contains "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter", but because Toro cleverly told their expert to modify and change his work files into a form unusable by other engineers to determine accuracy and Plaintiffs were unable to discovery the deception until after the close of discovery when Mr. Bilek had finally recuperated enough from a serious health problem (including a medical procedure) to review the files in detail and discover that they had been produced in unusable form—essentially engineering gibberish.

9. Toro cannot legally excuse its refusal to turn over the work product of its retained expert in useable form as required by Rule 26 and the stipulation of the parties which fails to mention PDFs anywhere in the document.

10. Toro characterizes the grounds for the Motion as an untimely motion which is really a discovery dispute that had to go through the process of meet and confer, informal discovery conference before the Magistrate, and, finally, a formal hearing before the close of discovery on August 18, 2023. This position is a perfect example of Toro's consistent pattern of weaponizing the good faith requirement to "meet and confer" regarding discovery issues to defeat discovery instead of augment it and make it work more effectively and efficiently.

11. Despite being ignored by Toro's counsel for a month, Plaintiffs' counsel tried to resolve this issue by allowing Toro to cure its bad faith refusal to produce usable copies of Bonugli's work files by ignoring a simple request from Plaintiffs' counsel to produce the materials promised in the stipulation.

12. In other words, it is Toro who created the delay past the discovery deadline by a) instructing Bonugli to produce PDFs despite the stipulation and Rule 26, b) producing Bonugli's file in unusable form contrary to agreement and Rule 26, two days before his deposition, and c) ignoring Plaintiffs' counsel's polite request for the correct data and formats for a month before finally admitting they just were not going to keep their word or comply with Rule 26.

13. Clearly Toro conducts discovery with one eye on the Court and one eye on the clock. They ignore, delay and obfuscate while making ridiculous arguments and now argue that dishonesty in discovery and outright refusal to provide what was promised by the stipulation and required by the Federal Rules of Civil Procedure is OK if you get by with it, until after the other party discovers they have been had. Toro is using the Court's Scheduling Order and the meet and confer requirement as a weapon to defeat honest discovery.

14. What is clear is that Plaintiffs' counsel made it abundantly clear via the expert file stipulation that he wanted Bonugli to produce the engineering data and work materials in his file

in usable form (not PDFs) so it could be reviewed and checked. One wonders why Toro is so concerned about letting Plaintiffs and their expert check Bonugli's work that they would rather force Plaintiffs to file a Motion to Exclude Bonugli, than just turn over the same materials they say they produced only in usable form.

15. Bonugli's complex engineering files were produced only two days before his deposition while Mr. Bilek was incapacitated from work due to a serious cardiac health issue which took him out of commission for weeks as he recuperated from a procedure.

16. Before the file was produced, Bonugli went through and changed the data and work files (survey, computer files and photograph files) into file formats that cannot be used by Mr. Bilek, the Court or anyone else to review, compare and reconstitute the work he did as a basis for his opinions to make sure he faithfully followed the scientific process and that he did it correctly.

17. Toro has no legal authority or factual excuse for its expert's blatant and intentional violation of Rule 26 and the Stipulation of the Parties.

18. Rule 12(f) is not appropriate to this dispute and so, the Motion to Strike should be Denied.

**THE "EMERGENCY" MOTION FOR EXTENSION SHOULD BE DENIED, AS IT IS WITHOUT SUPPORT AND MOOT.**

19. After filing the "emergency motion" on Friday, December 8, 2023, counsel for Toro sent yet a second personal message directly to the Court (despite the Court's admonition against contacting the Court directly) and said essentially never mind, I just discovered the deadline is Monday, December 11, 2023, not today. That Motion is now moot, as the Court granted an extension of time of seven days to respond.

20. Fed. R. Civ P. 37(c) provides that failure to comply with Rule 26(a) means *"the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial unless the failure was substantially justified or is harmless."* Toro cannot, with a straight face,

claim the intentional production of unusable engineering files, followed by their refusal to produce the same information in usable form once Plaintiffs discovered the deception in this situation, was substantially justified or harmless. In fact, they do not even try to make that claim. Thus, under Rule 37, the Court should exclude all of Bonugli's reconstruction and since he has nothing else to say during trial not connected with his reconstruction, he should be precluded from testifying.

21. The emergency motion for an extension of time is now MOOT. The Motion to Strike is not authorized by Fed. R. Civ. P. 12(f) in this circumstance and should be DENIED.

WHEREFORE, Plaintiffs ask the Court for an Order DENYING Toro's Emergency Motion to Strike and declaring Toro's emergency motion for an extension (Dkt.178) MOOT, and for such other relief as the Court deems appropriate.

Respectfully submitted,

By: /s/ Steven J Crowley
Lead Counsel

REBEKAH HILLMAN, individually and as next friend of P.J.H., a minor; and JENNIFER HILLMAN Plaintiffs
Steven J Crowley Lead Counsel ARDC#6314756
Edward J. Prill ARDC#6271392
CROWLEY & PRILL
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com
ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on *Wednesday, December 13, 2023*, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing:

Michael Giacopelli
Thomas Grace
Jonathan R. Sichtermann
McVey & Parsky, LLC
30 North LaSalle Street, Suite 210
Chicago, Illinois 60602
Email: mng@mcveyparsky-law.com
Email: tgg@mcveyparsky-law.com
Email: jrs@mcveyparskylaw.com

Jason Schiffman
Schiffman Firm, LLC
1300 Fifth Avenue
Pittsburgh, PA 15219
P: (412) 288-9444
F: (412) 288-9455
E: jason@SchiffmanFirm.com
ATTORNEY FOR PLAINTIFFS

Kirk T. Florence
Kilpatrick Townsend & Stockton LLP
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
P: (214) 922-7100
F: (214) 279-9194
kflorence@kilpatricktownsend.com
ATTORNEYS FOR THE TORO COMPANY