UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| REBEKAH HILLMAN, individually and as next friend of P.J.H., a minor; AND JENNIFER HILLMAN,<br><br>Plaintiffs,<br><br>v.<br><br>THE TORO COMPANY, a corporation,<br><br>Defendant. | No. 4:21-cv-04081-SLD-JEH |

**DEFENDANT THE TORO COMPANY'S RESPONSE TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY BRIEF TO DEFENDANT
TORO'S RESISTANCE TO PLAINTIFFS' MOTION *IN LIMINE***

COMES NOW Defendant The Toro Company ("TTC"), by and through its undersigned counsel, and submits this Response to Plaintiffs' Motion for Leave to File Reply Brief to Defendant Toro's Resistance to Plaintiffs' Motion *in Limine* (Dkt. 179). In support of its response, TTC states as follows:

1. TTC filed its Response to Plaintiffs' General Motion *in Limine* Issues 1-18 (Dkt. 174) and its Response to Plaintiffs' *Daubert* Challenges and Motions *in Limine* Issues 19-28 (Dkt. 175) on November 27, 2023. On that same date, Plaintiffs' filed a second *Daubert*-related motion to exclude Enrique Bonugli, one of TTC's experts (Dkt. 165). In response, TTC was forced to file an Emergency Motion to Strike the additional motion as untimely (Dkt. 178).

2. Plaintiffs now request the Court for leave to submit an additional reply brief in furtherance of their pending motions. Local Rule 7.1(B)(3) provides that "[n]o reply to the response is permitted without leave of Court." Local Rule 7.1(D)(3)(b) (governing replies in support of a motion for summary judgment) provides guidance concerning the appropriate scope and content of reply briefs:

**TTC'S RESPONSE TO PLAINTIFFS' LEAVE TO FILE REPLY**

1

> <u>Argument</u>: Succinctly and directly address any matters raised in the response with which the movant disagrees. THE REPLY WILL BE LIMITED TO NEW MATTERS RAISED IN THE RESPONSE AND MUST NOT RESTATE ARGUMENTS ALREADY RAISED IN THE MOTION.

[CAPITALIZATION in the original.] Although Plaintiffs' proposed reply is not in the summary judgment context, the same principles should apply. *Tellabs Operations, Inc. v. Fujitsu Ltd.*, 283 F.R.D. 374, 379 (N.D. Ill. 2012) ("'A reply brief is for replying' not for raising essentially new matter that could have been advanced in the opening brief. Arguments and evidence that could have been raised in the opening brief but are first raised in a reply brief are waived.") (Internal citations omitted.)

3.      Plaintiffs' proposed reply (Dkt. 179-1) is unnecessary as the Parties have engaged in substantial motion practice and submitted lengthy briefs already. The Plaintiffs' proposed reply (Dkt. 179-1) is a mixture of: (a) rehashed arguments raised in Plaintiffs' original motions (Dkt. 155 and 155-1, and Dkt. 158 and 158-1), (b) belated attempts to rewrite or clarify those arguments, (c) new arguments beyond those raised by TTC in its opening motions which Plaintiffs could have raised before, and (d) misrepresentations of the facts and TTC's arguments.

4.      While portions of the proposed reply (Dkt. 179-1) may be considered a "reply," those portions are so thoroughly intermingled with, and overshadowed by, matters which are clearly not appropriate for a reply, that the Court should deny the Plaintiffs' Motion for Leave to File Reply Brief (Dkt. 179).

5.      Further, this Court limits the argument section of a reply filed in support of a motion for summary judgment to five double-spaced pages. Plaintiffs' 19-page, nearly 5,500-word proposed brief (Dkt. 179-1) far exceeds even that length limitation.

6.      Sections A, B, and C of the Plaintiffs' proposed reply raises a new argument claiming that TTC failed to disclose information relating to its affirmative defenses, more

particularly, the actions and inactions of the Plaintiffs Jennifer and Rebekah Hillman relating to comparative negligence. The Plaintiffs should not be permitted to raise new arguments in a reply brief and the Court should deny the Plaintiffs' request for leave to do so.

7. Section D of the Plaintiffs' proposed reply references specific pages of TTC's Response (Dkt. 175) but is in reality devoted to TTC's corrections and clarifications of Plaintiffs' description of the events that led to the incident rather than the arguments that TTC raised on the substantive *in limine* or *Daubert* challenge issues. Like many of Plaintiffs' other filings, they include a long and convoluted recitation of their version of the facts, regardless of whether the cited facts pertain to the legal issues raised, thereby forcing TTC to respond or risk a claim that it acquiesces to the Plaintiffs' story. No further commentary on the facts is needed, and Section D is not responsive to the legal arguments in TTC's response.

8. Section E of Plaintiffs' proposed reply relates to the issue of medical bills and records and Plaintiffs' burden of proof at trial. However, this section of the proposed brief is more of an effort to clarify or expand on Plaintiffs' original motion than a reply to the substance of TTC's response.

9. Section F of the Plaintiffs' proposed reply relates to prior incidents involving zero radius turn mowers. Again, this section reads more like a second attempt to argue Plaintiffs' original motion than a reply to TTC's response. Further, the proposed reply mischaracterizes TTC's position on the issue and ignores the affidavit of Todd Porter filed in support of its Motion for Summary Judgment. (Affidavit of Todd Porter, Dkt. 113-4, para. 23.)

10. Section G of the Plaintiffs' proposed reply addresses Plaintiffs' claim that they disclosed "several alternative designs." However, Plaintiffs gloss over the fact that all of the brakes they referenced are *parking* brakes, and not additional *emergency or service* brakes as Plaintiffs'

claim. Further, these issues have been fully briefed in connection with TTC's Motion to Exclude Plaintiffs' Expert Thomas Berry (Dkt. 156) and need not be rehashed in Plaintiffs' proposed reply here.

11. Section H of the Plaintiffs' proposed brief is entitled "[t]he Court should DENY all of Toro's claims and arguments concerning alleged spoliation, and GRANT Plaintiffs' Daubert challenges to the opinions of Bonugli and Gwin." Once again, the Plaintiffs make new arguments that reference "untimely disclosure of information" and claim that TTC " 'embedded' Rule 37 Motions (Dkt. 169), that have never been disclosed, supported or litigated." Dkt. 169 is Plaintiffs' response to a different pending motion - TTC's Motion to Exclude Plaintiffs' Expert David Bilek (Dkt. 154). Much of Section H is then devoted to that other motion. Plaintiffs seemingly seek to use their proposed reply as a "catchall" for all pending motions in the hope of getting in the last word.

12. In Section I of their proposed reply, Plaintiffs argue that "[TTC's expert Dr. Lisa Gwin's] opinions are not admissible because she has done no testing or investigation of how the mower would have moved once it left the retaining wall …" (Dkt. 179-1 at para. 43.) Just as they did in their original motion, the Plaintiffs make the same unfounded and incorrect assertion regarding Dr. Gwin's position as to the hypothetical movement of the mower. All this was clearly addressed in TTC's Response (Dkt. 175 at para. 36) and the affidavit of Dr. Gwin (Dkt. 175-6) included therewith. This section of the proposed brief is nothing more than a repeat of the earlier distortions in Plaintiffs' motion.

13. Plaintiffs' proposed reply does not address all of the arguments included in TTC's response: Issue Nos. 9, 11-13 (TTC's Response to Plaintiffs' General Motion *In Limine* 1-18 (Dkt. 174), p. 10-14), and Issue Nos. 20-22, and 24-26 (TTC's Response to Plaintiffs' *Daubert*

**TTC'S RESPONSE TO PLAINTIFFS' LEAVE TO FILE REPLY**

4

Challenges Issues 19-28 (Dkt. 175), p. 12-16) are all unchallenged. Should the Court allow Plaintiffs to file their proposed brief, the Court should consider that the Plaintiffs have thereby conceded these issues in favor of TTC by failing to submit a reply.

14. Finally, if the Court allows Plaintiffs to file their 19-page proposed reply, TTC then requests 14 days from the date of the Court's ruling to more fully respond by way of a sur-reply to address Plaintiffs' newly raised issues and correct Plaintiffs' misstatements.

For the foregoing reasons, Defendant The Toro Company requests that the Court deny Plaintiffs' Motion for Leave to File Reply Brief (Dkt. 179) and strike the proposed reply brief attached thereto (Dkt. 179-1) or, in the alternative, for leave to file a Sur-Reply Brief within 14 days of the Court's ruling on Plaintiffs' motion, and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**Parsky & Galloway, LLC**

/s/ Thomas G. Grace
Thomas G. Grace,
*Attorney for Defendant, The Toro Company*

Thomas G. Grace, Esq.
Parsky & Galloway, LLC
120 N. LaSalle St., Suite 3200
Chicago, IL  60602
Tel. 312-551-2130
tgg@pg-lawoffice.com

Kirk T. Florence, Esq.
Kilpatrick Townsend & Stockton, LLP
2001 Ross Ave., Suite 4400
Dallas, TX  75201
Telephone:    214-922-7139
Email: KFlorence@kilpatricktownsend.com

**TTC'S RESPONSE TO PLAINTIFFS' LEAVE TO FILE REPLY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for that counsel or parties who are not authorized to receive electronic Notice of Electronic Filing:

> STEVEN J. CROWLEY
> EDWARD J PRILL
> ANDREW MAHONEY
> CROWLEY & PRILL
> 3012 Division Street
> Burlington, Iowa 52601
> Phone:	(319) 753-1330
> Email:	SCrowley@CrowleyPrillattorneys.com
> 	EPrill@CrowleyPrillAttorneys.com
> 	AMahoney@CrowleyPrillAttorneys.com
>
> JASON M. SCHIFFMAN
> SCHIFFMAN FIRM, LLC
> 1300 Fifth Avenue
> Pittsburgh, PA  15219
> Phone:  412-288-9444
> Email:	Jason@SchiffmanFirm.com
>
>  **Parsky & Galloway, LLC**
>
>  /s/ Thomas G. Grace
>  Thomas G. Grace,
>  *Attorney for Defendant, The Toro Company*

Thomas G. Grace, Esq.
Parsky & Galloway, LLC
120 N. LaSalle St., Suite 3200
Chicago, IL  60602
Tel. 312-551-2130
tgg@pg-lawoffice.com

**TTC'S RESPONSE TO PLAINTIFFS' LEAVE TO FILE REPLY**

6