UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| REBEKAH HILLMAN, Individually and as Next Friend of P.M.., a minor, AND JENNIFER HILLMAN<br>          Plaintiffs,<br><br>v.<br><br>THE TORO COMPANY,<br>          Defendant. | NO. 4:21-cv-04081-SLD-JEH<br><br>(ORAL ARGUMENT REQUESTED) |

**DEFENDANT THE TORO COMPANY'S EMERGENCY MOTION TO STRIKE
PLAINTIFFS' SUPPLEMENTAL MOTION *IN LIMINE* NO. 29
OR IN THE ALTERNATIVE FOR ADDITIONAL TIME TO FILE A RESPONSE**

COMES NOW Defendant, The Toro Company ("Defendant" or "TTC"), by and through its attorneys, and moves this Court pursuant to Local Rule 37.3 to strike *Plaintiffs' Supplemental Motion in Limine – Issue 29* (Dkt. 181) (hereinafter referred to as Plaintiffs' "Second Late Motion,") or in the alternative for additional time to file a response. In support of this Motion, Defendant states as follows:

1.  Plaintiffs filed their Second Late Motion while TTC's Motion to Strike their first late filing (Dkt. 178) remains pending before the Court. TTC's arguments as to the lateness of Plaintiffs other motion apply equally to this Second Late Motion.

2.  TTC has filed this Motion to Strike as an emergency pursuant to Local Rule 37.3 because its response to the Second Late Motion is due January 2, 2024 and the Christmas and New Year holidays are quickly approaching.

1

3. Section I of Plaintiffs' Second Late Motion is entitled "Good Cause for Late Filing MIL 29 and History of Dispute." Second Late Motion, p. 1-5. Nothing in that section presents good cause for the late filing. Indeed, Plaintiffs directly cite their earlier-filed Issue No. 5 in Section I of their Second Late Motion. Plaintiffs' Issue No. 5 seeks to preclude "[a]ny evidence, inference, argument, or claim that Plaintiffs grading the accident hill, following Rebekah's injury, was spoliation of evidence or that it created any hardship or prejudice to Toro." (Dkt. 155, p. 2.) The Second Late Motion is nothing more than the Plaintiffs' seeking a do-over of their prior filing of Issue No. 5.

4. In Section I, Plaintiffs also misstate the record and deposition testimony. Plaintiffs make the following incorrect statements:

- "In fact, no lay witness or expert witness identified by Toro provided any observation or opinion that Plaintiffs had spoliated the scene of the accident or that Toro had been prejudiced in defending itself before Plaintiffs' received Bonugli's untimely Affidavit …" (Second Late Motion, p. 2.)

- "At no point during his deposition or in his report does Mr. Bonugli even come close to giving an opinion that the aerial photographs taken by Mr. Bilek were "over-exposed" or there was a problem with the contrast." (Id., p. 3.)

- "Of equal importance, is that, during his deposition, Bonugli never hinted that he had been limited in any way from forming the opinions and conclusions he wanted to express in Toro's defense. (No prejudice to Toro)" (Id.)

5. Contrary to Plaintiff's statements cited above, the Court need look no further than the deposition testimony cited by the Plaintiffs in the Second Late Motion to see that the Plaintiffs have misstated matters. On page 6 of the Second Late Motion, Plaintiffs cite Mr. Bonugli's deposition wherein he testifies that "Sir, it's an incomplete survey. From my perspective, Mr. Bilek only took aerial photographs and the photographs weren't all that great to begin with either."

6. Likewise, TTC's Rule 30(b)(6) corporate representative witness, Carol Drutowski, testified on January 18, 2023 as follows:

BY MR. CROWLEY:

Q. Your underst- -- you've been in the yard; right?

A. So I was in the yard.

Q. And you saw --

A. And I know it has changed. I know it – I have not seen it, how it was on the day of the accident. I know that that had been flattened out.

A copy of the page containing the above excerpt from the deposition of Carol Drutowski is attached hereto as **Exhibit 1**, Drutowski Dep. 13:8-15.

7. Plaintiffs' purported surprise, and their justification for the late filing, cannot be reconciled with their own filing of Issue No. 5 and the very deposition testimony that they cite in their Second Late Motion, and testimony from TTC's corporate representative almost one year ago.

8. Additionally, Plaintiffs attached numerous photographs taken by Mr. Bilek at his site inspection as Exhibit T.  (Dkt. 181-1 and 181-2.)  Those photographs were not produced earlier in the case along with Mr. Bilek's aerial drone photos of the accident site and do not bear a Bates number as did Plaintiffs' earlier production of documents.  Indeed, Plaintiffs did not disclose Mr. Bilek's ground photographs included in Exhibit T until July 24, 2023, four days *after* Mr. Bonugli's deposition of July 20, 2023, and well after Mr. Bonugli produced his report on May 8, 2023.  A copy of the email from Plaintiffs' counsel dated July 24, 2023, that included a link to Mr. Bilek's file is attached hereto as **Exhibit 2**.

9. Due to the timing of Plaintiffs' production, Mr. Bonugli did not have the benefit of those ground-level photographs and thus could not have used them to prepare his opinions. Naturally, he could not discuss them in response to Plaintiffs' counsel's deposition questions either since Plaintiffs' counsel had not yet produced them. These facts belie Plaintiffs' claims and illustrate that Mr. Bonugli did not "hang himself" by criticizing Mr. Bilek's survey as the Plaintiffs claim. (Second Late Motion, p. 8-9.)

10. Indeed, Plaintiffs' July 24, 2023 production from Mr. Bilek included an electronic folder entitled "Drone Photos darker" that inherently acknowledged that the photographs he provided to TTC earlier in the case were deficient and overexposed. A screenshot from the electronic folder provided by the Plaintiffs is included below. A red arrow is added for reference:



11. Any suggestion by the Plaintiffs that they had no notice that their attempt to preserve the site was deficient is disingenuous and belied by the contradictions within the Second Late Filing, their prior filings, the deposition transcripts, and their production of documents after Mr. Bonugli's report and deposition. Indeed, even Mr. Bilek admitted in his deposition that his drone crashed during his survey of the site which spoiled his plans to take more aerial photos, which was part of TTC's Motion to Exclude Plaintiffs' Expert David Bilek. (Dkt. 154, and Dkt. 154-2 includes the relevant deposition testimony from Mr. Bilek, Bilek Dep. 58:11-14, 60:6-14, 62:11-63:1.)

12. Although Plaintiffs' counsel was not present at the Hillman home when Mr. Bilek completed his inspection of the accident site, Mr. Bilek's notes from the inspection referenced the fact that his drone crashed and he was unable to complete his inspection. A true and correct copy of Mr. Bilek's notes produced among his file materials is attached hereto as **Exhibit 3**. Since Mr. Bilek noted the incident with his drone, it is reasonable to assume that he also shared the incident with Plaintiffs' counsel who hired him.

13. Accordingly, the Court should strike the Plaintiffs' Second Late Filing as an untimely "second bite at the apple" with regards to both their earlier Issue No. 5 and their response to TTC's Motion to Exclude Plaintiffs' Expert David Bilek. (Dkt. 171.)

14. Alternatively, if the Court allows the Second Late Filing to proceed, TTC requests an additional 14 days, from January 2, 2024 to January 16, 2024, to file a response due to the intervening holidays and associated family commitments.

For the foregoing reasons, Defendant The Toro respectfully requests that the Court grant its Emergency Motion and strike Plaintiffs' Supplemental Motion in Limine – Issue 29 (Dkt. 181) or, in the alternative, grant TTC additional time to respond until January 16, 2024 as set forth above.

                                            Respectfully submitted,

                                            **Parsky & Galloway, LLC**

                                            /s/ Thomas G. Grace
                                            Thomas G. Grace,
                                            *Attorney for Defendant, The Toro Company*

Thomas G. Grace, Esq.
Parsky & Galloway, LLC
120 N. LaSalle St., Suite 3200
Chicago, IL  60602
Tel. 312-551-2130
tgg@pg-lawoffice.com


Kirk T. Florence, Esq.
Kilpatrick Townsend & Stockton, LLP
2001 Ross Ave., Suite 4400
Dallas, TX  75201
Telephone:    214-922-7139
Email: KFlorence@kilpatricktownsend.com

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on December 21, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for that counsel or parties who are not authorized to receive electronic Notice of Electronic Filing:

> STEVEN J. CROWLEY
> EDWARD J PRILL
> ANDREW MAHONEY
> CROWLEY & PRILL
> 3012 Division Street
> Burlington, Iowa 52601
> Phone:    (319) 753-1330
> Email:    SCrowley@CrowleyPrillattorneys.com
>           EPrill@CrowleyPrillAttorneys.com
>           AMahoney@CrowleyPrillAttorneys.com
>
> JASON M. SCHIFFMAN
> SCHIFFMAN FIRM, LLC
> 1300 Fifth Avenue
> Pittsburgh, PA 15219
> Phone: 412-288-9444
> Email:    Jason@SchiffmanFirm.com
>
> **Parsky & Galloway, LLC**
>
> /s/ Thomas G. Grace
> Thomas G. Grace,
> *Attorney for Defendant, The Toro Company*

Thomas G. Grace, Esq.
Parsky & Galloway, LLC
120 N. LaSalle St., Suite 3200
Chicago, IL 60602
Tel. 312-551-2130
tgg@pg-lawoffice.com