UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, ROCK ISLAND DIVISION

| | |
|---|---|
| REBEKAH HILLMAN, individually and as next friend of P.J.H., a minor; AND JENNIFER HILLMAN<br><br>　　　　　　　　　Plaintiffs,<br>v.<br><br>THE TORO COMPANY, a corporation,<br><br>　　　　　　　　　Defendant. | No. 4:21-cv-04081-SLD-JEH |

**PLAINTIFFS' RESISTANCE TO TORO'S EMERGENCY MOTION TO STRIKE PLAINTIFFS' SUPLEMENTAL MOTION IN LIMINE ISSUE 29 (Dkt.183)**

COME NOW the plaintiffs, by and through their counsel of record, and RESIST Toro's Emergency Motion to Strike Plaintiffs' Supplemental Motion in *Limine* Issue 29 (Dkt.183), in support of their Supplemental Motion in *Limine* Issue 29, state as follows:

1. Fed. R. Civ. P. 12(f) (Motion to Strike) limits such motions to "pleadings", not Motions in *Limine*.

2. It is undisputed that Defendant Toro failed to file their Motions for Rule 37 sanctions based on alleged spoliation before the close of discovery or even before dispositive motions were due.

3. Even if Toro had filed a timely Motion for Rule 37(e) sanctions after satisfying the Magistrate's Standing Order which, predictably, Toro completely ignored along with the dictates of Rule 37(e)(1), the District Court should not impose any sanction under Rule 37(e) because Toro has not, and cannot, prove the elements necessary to support any sanction under Rule 37(e), which specifically includes:

1

a. Toro cannot prove that the plaintiffs intentionally deprived Toro of a reasonable survey and dozens of high-quality PDF photographs of the small area of the south lawn where the mower rolled down the hill. Mr. Bilek delivered his digital survey and model of the accident terrain as early as February 12, 2022.[1] Furthermore, Plaintiffs provided Toro (and presumably Mr. Bonugli) with hundreds of photographs of the accident site, in PDF form, long before Mr. Bonugli's report was served in May of 2023.[2] See *In Re. Local TV Advertising Antitrust Litigation,* 2023 WL 5607997 US Dist. Ct. ND of Illinois Eastern Division, page 6.

b. Clearly, Plaintiffs did not intend to deprive Toro of the use of the shape and slope of the hill where the machine rolled down into the flowerbed, as they specifically spent time and money preserving the hill in reasonable form and detail to be used by Toro in its defense. (See *Local TV, id*, at 5)

c. Toro cannot prove the <u>relevance or the prejudice requirements</u> for a finding of spoliation, as all they have is Bonugli's conclusory, non-specific complaints about the quality of some of the drone photographs; yet, Bonugli was able to produce a computerized model of the accident hill with Plaintiffs' data sufficient to provide his opinions about the mysterious external "motive force" allegedly applied to the mower before it would roll. (Emphasis mine) (See Fed. R. Civ. P. 37(e)(1) and *Local TV, id*, at 5)

> "'Prejudice' under <u>Rule 37(e)</u> includes the thwarting of a party's ability to obtain the evidence it needs for its case." *Hollis*, 603 F. Supp. 3d at 623. "An evaluation of prejudice from the loss of information necessarily includes an evaluation of the information's importance in the litigation." <u>Fed. R. Civ. P. 37(e)</u> advisory committee's note to 2015 amendment. Evaluating prejudice is inherently challenging; it is often not possible to determine the value of lost information when there is little basis for knowing precisely what the ESI contained.
>
> ("To suffer substantive prejudice due to spoliation of evidence, the lost evidence must prevent the aggrieved part the use of an essential or 'crucial' piece of evidence to their underlying claim." (citing *Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 515 (7th Cir. 1997))

*Id*, at page 9

---

[1] See Dkt.171, Bilek Report, page 2-5, at bottom.
The photographs and files generated, along with a work flow outline describing the various files, were previously provided to attorneys for the defendants in this case through Drobox on February 10, 2022, and I was informally questioned about this material by them in a conference call.

[2] 66 detailed photographs of the accident terrain were produced to Toro in January 2022 and again in July of 2022. See **Exhibit A** to this Resistance.

4. Toro has not produced any evidence of prejudice explaining how use of Bilek's digital survey (and Bonugli's failure to use PDF photographs produced by Plaintiffs, like **Exhibit A** attached hereto, from July 2022 through July of 2023 when his deposition was taken) created any prejudice at all to Toro since their expert failed to take advantage of all the detailed information available to him to check his computer mode for accuracy. The problem is not spoliation of the scene as Bonugli has produced nothing but a conclusory comment criticizing the quality of Bilek's digital data, when Bonugli used that very data to produce a cross section of the accident hill he claims in the picture to be accurate to a decimal point.

5. Plaintiffs filed their MIL #29 after the deadline and attempted to explain to the Court why they allege good cause for submission after the deadline. Simply put, Toro and Mr. Bonugli are engaged in trying to retroactively satisfy the requirements of Rule 37(e) regarding prejudice when they cannot even meet the threshold requirements of the rule (intent to deprive and bad faith destruction). If this case is ever to be prepared for trial, this Court needs to hold the mower manufacturer to the requirements of the Court's procedural rules by entering an order that there will be no discussion of alleged spoliation by Plaintiffs at trial and no further Affidavits or evidence considered, since Toro did not think this important enough to file a timely motion for a hearing and resolution instead of having to litigate these Rule 37 motions in the context of Motions in *Limine*.

6. Mr. Bonugli apparently failed to use 66 plus photos of the accident site (**Exhibit A**) Toro had for months before his report was even due to check his work. This slipshod approach to his methodology is revealed by his failure to validate his results with the same photogrammetric methodology he utilized to verify the test videos.

7. Mr. Bilek's work is not at issue. The relevant issue for Bonugli's testimony is not the south yard where the accident happened, it is the west yard where the tests were performed and where Mr. Bonugli assumed the entire yard was a 9.5-degree slope so he could come up with the "motive force" opinion out of the tests conducted by Jennifer and her two friends. It is the accuracy of Mr. Bonugli's model of the west yard that is being challenged by Plaintiffs, **not the slope of the accident site, which Plaintiffs agree is reasonably accurate.** That is likely why Toro refuses to produce Mr. Bonugli's model and additional work product which, if it had been produced as required, Plaintiffs could review and check his work product concerning the west yard.

8. Simply put, Mr. Bilek's work is accurate enough for both Mr. Bilek and Mr. Bonugli to give their opinions limited to that space, but Mr. Bonugli has demonstrated that he will keep on sending more Affidavits as long as Toro keeps paying BRC's fees for his services (over $100,000 at this juncture).

9. Perhaps the most frustrating aspect of Toro's untimely and unsupported Motions for Rule 37 sanctions is the fact that they completely ignored the Court's procedural steps (again) required to even entertain the issues and, with respect to the alleged spoliation, have no real evidence to support any of the requirements of such relief.

10. Even if Toro's 11th hour spoliation strategy was not transparent, this does not remove the fact that there is simply no legal basis for Toro's request to strike Plaintiffs' Supplemental Motion in *Limine*. It is Toro's own conduct of introducing new opinions by Mr. Bonugli well after the close of discovery that necessitated the filing of such a supplemental motion. If Toro wanted to avoid Plaintiffs' filing of a supplemental Motion in *Limine*, then Toro should have abided by court ordered discovery deadlines. However, Toro continues to take the position that federal procedural rules and the local rules do not apply to them.

4

11. "Motions to strike, however, are disfavored and will usually be denied." *Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc.*, 11 F. Supp. 2d 1006, 1009 (N.D. Ill. 1998). To strike a pleading, Defendants must generally demonstrate that "the allegations being challenge are so unrelated to plaintiff's claim as to be void of merit and unworthy of any consideration and that the allegations are unduly prejudicial." *Id.* (internal citations omitted). Prejudice occurs when the pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party. *Id.* Statements or allegations should not be stricken from a pleading "unless it is clear that it can have no possible bearing on the subject matter of the litigation." *Capitol Indem. Corp. v. Tranel Devs., Inc.*, 144 F.R.D. 346, 347 (N.D. Ill. 1992). *(Centreville Citizens for Change v. city of Cahokia Heights 640 F. Supp 3d. 831 (US Dist Ctr S. D. Illinois 2022)*

12. In summary, as demonstrated by Toro's earlier Motion to Strike (Dkt.178), Toro believes a Motion to Strike is appropriate anytime a party files a motion or makes an argument they dislike, regardless of whether it was necessitated by their own violations of the rules. There is no legal basis for Toro's requested relief and, as such, the Court should deny the subject Motion to Strike (Dkt.183) pending before this Court.

WHEREFORE, Plaintiffs request the Court DENY Toro's Motion to Strike (Dkt.183) and for any such other relief as the Court finds appropriate in the circumstances.

Respectfully submitted,

By: /s/ Steven J Crowley
Lead Counsel

REBEKAH HILLMAN, individually and as next friend of P.J.H., a minor; and JENNIFER HILLMAN Plaintiffs
Steven J Crowley Lead Counsel ARDC#6314756
Edward J. Prill ARDC#6271392
CROWLEY & PRILL
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: scrowley@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on *Friday, December 22, 2023*, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing:

Michael Giacopelli
Thomas Grace
Jonathan R. Sichtermann
McVey & Parsky, LLC
30 North LaSalle Street, Suite 210
Chicago, Illinois 60602
Email: mng@mcveyparsky-law.com
Email: tgg@mcveyparsky-law.com
Email: jrs@mcveyparskylaw.com

Jason Schiffman
Schiffman Firm, LLC
1300 Fifth Avenue
Pittsburgh, PA 15219
P: (412) 288-9444
F: (412) 288-9455
E: jason@SchiffmanFirm.com
ATTORNEY FOR PLAINTIFFS

Kirk T. Florence
Kilpatrick Townsend & Stockton LLP
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
P: (214) 922-7100
F: (214) 279-9194
kflorence@kilpatricktownsend.com
ATTORNEYS FOR THE TORO COMPANY