UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, ROCK ISLAND DIVISION

| | |
|---|---|
| REBEKAH HILLMAN, individually and as next friend of P.J.H., a minor; AND JENNIFER HILLMAN<br><br>      Plaintiffs,<br>v.<br><br>THE TORO COMPANY, a Corporation,<br><br>      Defendant. | No. 4:21-cv-04081-SLD-JEH |

**PLAINTIFFS' RESISTANCE TO DEFENDANT THE TORO COMPANY'S BILL OF COSTS PURSUANT TO FED.R.CIV.P. 54(d)(1) AND LOCAL RULE 54.1**

  COMES NOW the Plaintiffs, by and through counsel of record, and hereby submits their objections to Defendant The Toro Company's ("TTC") Bill of Costs pursuant to Fed.R.Civ.P. 54(d)(1) and Local Rule 54.1 (Dkt. 193) as follows:

  1. Defendant TTC filed their bill of costs on October 30, 2024. (Dkt. 193).

  2. Plaintiffs file a general objection to Defendant TTC's bill of costs based on Defendant TTC's conduct in this case and requests no costs be awarded at all. However, Defendant TTC's Bill of Costs also seeks to include a myriad of costs that are simply not permitted by any federal law. The most notable of these is Toro's desire to include thousands in costs to film depositions, which is not a cost recoverable or a necessary cost pursuant to federal law.

  3. Importantly, 28 USCA § 1920 states as follows:

  A judge or clerk of any court of the United States may tax as costs the following:

1. Fees of the clerk and marshal;
2. Fees for <u>printed or electronically recorded</u> transcripts <u>necessarily</u> obtained for use in the case;
3. Fees and disbursements for printing and witnesses;
4. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
5. Docket fees under section 1923 of this title;
6. Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 USCA § 1920.

4. Federal courts have held:

> Title 28 U.S.C. § 1920 permits taxation of costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Whether a transcript was "necessarily obtained for use in the case" is determined as of the time the deposition is taken or when the transcript was ordered. *Osseriran v. Int'l Fin. Corp.*, 68 F.Supp.3d 152, 158 (D.D.C.2014); *Guevara v. Onyewu*, 943 F.Supp.2d 192, 197 (D.D.C.2013). The fact that a transcript is not ultimately used at trial or on the record is not "singularly determinative." *Id.* Rather, a party's use of a transcript meets the "necessarily obtained" standard if it is "used *to prepare for* future depositions, motions, pretrial proceedings, or trial." *Sykes v. Napolitano*, 755 F.Supp.2d 118, 120 (D.D.C.2010) (emphasis added).

*Mann v. Washington Metropolitan Area Transit Authority,* 185 F.Supp.3d 189, 193 (D.D.C., 2016)

5. Furthermore, "the prevailing party is still required to submit a request for costs sufficiently detailed to permit the court to determine what costs were actually incurred and whether the prevailing party is entitled to them. *Lev esque v. Government Employees Insurance Company,* 2022 WL 1667409, at *2 (S.D.Fla., 2022)

6. In order to award the cost of transcripts, the party seeking the costs must make some showing that the transcripts were "necessarily obtained" for use in the case. *Mann, 185 F.Supp.3d at 193*.

7. Federal courts have held:

> To begin, the prevailing party—here, Bombardier—bears the burden of proving the amount and necessity of the costs. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (per curiam) ("[T]he party seeking such costs must offer some proof of the necessity."); *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991) (stating that the party seeking costs "had fulfilled its burden of justifying the necessity of obtaining the depositions and copies at issue"); *OMG, LP*, 2015 WL 12672698, at *4 ("The party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs."); *Waggoner v. Trans Union, LLC*, 2003 WL 22838718, at *2 (N.D. Tex. Nov. 24, 2003) (Fish, C.J.) ("The Fifth Circuit has also held that the party seeking costs bears the burden of supporting its request with evidence documenting the costs incurred and proof, when applicable, that a certain item was 'necessarily obtained for use in the case.'").

*Aircraft Holding Solutions, LLC v. Learjet, Inc.,* 2022 WL 1505861, at *2 (N.D.Tex., 2022)

8. The *Learjet* court would continue stating that the "prevailing party has an initial burden to show the "amount" and "necessity" of the costs it seeks." *Id.* This may be done with itemized billing records and documentation of recoverable costs. *Allstate Ins. Co. v. Plambeck,* 66 F.Supp.3d 782, 789–90 (N.D.Tex., 2014*)*(costs for convenience of counsel or merely for discovery but are not necessary for trial or trial preparation are not recoverable).

9. Plaintiffs' objection to the Bill of Costs filed by Defendant TTC is twofold. Plaintiffs object to any costs given Defendant TTC's conduct in discovery causing delay in this case. Second, if costs are awarded, Plaintiffs object to the majority of Defendant TTC's requested costs as they include unnecessary video depositions, a litany of unclear administrative fees and business costs, and more.

**A. Costs should not be awarded at all.**

10. The Seventh Circuit recognizes two situations that may warrant the denial of costs: (1) the court would make a threshold finding that the losing party is incapable of paying costs and

then consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by the case; and (2) misconduct by the prevailing party that is worthy of a penalty, such as unnecessarily prolonging the proceedings. *Dishman v. Cleary, 279 F.R.D. 460, 465 (N.D.Ill., 2012)*

11. Plaintiffs request this Court deny an entry of costs on the second factor as Defendant TTC unnecessarily prolonged the proceedings. Judge Hawley entered an Order compelling discovery on June 21, 2022 (Dkt.55). In that Order, Judge Hawley noted that Plaintiffs had been seeking discovery responses on discovery that was propounded on September 9 & 10, 2021 and, at the time of filing motions on this matter in April 2022, Defendant TTC still had not complied. (Dkt. 55, p. 7) Judge Hawley even noted he had warned Defendant TTC regarding its conduct at the May 5th, 2022 hearing the Defendant TTC still failed to comply with the Court's order after that hearing. (Dkt.55, p. 7-8) As Judge Hawley stated, "[n]ow, more than nine months since the Plaintiffs served Defendant with their First and Second Sets of Interrogatories, the Defendants have still not fully and properly responded to each and every one of those discovery requests." (Dkt.55, p. 8) Judge Hawley then ordered Defendant TTC to show cause why they should not be sanctioned. (Dkt.55, p. 8). Judge Hawley further noted Defendant TTC's conduct in discovery, noting it constituted a discovery dump (Dkt.55, p. 6) or were presented in such a manner that it would prevent Plaintiffs' counsel from understanding it. (Dkt.55, p.6-7) This conduct continued even after admonishment by the Court. (Dkt.55, p. 6)

12. Even after this Order, Defendant TTC retained new counsel and attempted to set up an arrangement to get Plaintiff's counsel to agree to a "rolling" discovery production, all-too-late ESI agreements, etc. in contravention of Judge Hawley's order. (Exhibit B)

4:21-cv-04081-SLD-RLH    # 194    Filed: 11/12/24    Page 5 of 14

13. Even after the order was entered, Defendant TTC continued to fight the privilege log issue, delaying production of documentation that wasn't even produced until *after* the dispositive motion deadline had passed, which was the entire purpose behind Plaintiffs seeking to supplement their Resistance to Defendant TTC's Motion for Summary Judgment. (Dkt.143) The discovery supplementation by Defendant TTC included key information to Plaintiffs' claims. (Dkt.143)

14. Defendant TTC's conduct in this case has wasted countless hours of the Court's time in this matter as the lengthy record reflects. To award such a substantial sum of costs to Defendant TTC at this point sends the message that, regardless of your conduct during litigation, the important part is that you win. However, this is not the correct message to send. How a party conducts themselves in litigation is important. Following the federal rules of civil procedure are important. Defendant TTC should not now receive an award of costs given their conduct in this case.

15. As such, Plaintiffs request this Court award *no* costs to Defendant TTC in this matter.

**B. Costs where no itemization was provided should not be awarded.**

16. For the deposition of Dr. Matt Karam and Dr. Timothy Fowler, there is no cost itemization and it is not clear what is being paid for whether it be videos, attendance, transcripts, etc. There is just a general balance due. (Dkt. 193-3, p. 2) As set forth in *Learjet* above, there must be itemization of costs to document what exactly is being recovered, rather than just stating an amount that is due. Therefore, this cost of $231.00 is improper and should not be permitted as it could have been a video, it could have been administrative fees, etc.

5

**C. Costs that were unnecessary should not be awarded.**

    **1. Video deposition costs of Plaintiffs' noticed depositions**

17.    Importantly, 28 USCA § 1920(2) states that fees for transcripts "necessarily obtained for use in the case" are permitted. However, the videotaped depositions Defendant TTC has listed as costs are wholly unnecessary. TTC requested copies of videos of the witnesses Plaintiffs noticed, which are wholly unnecessary for TTC for preparation for trial *or* for motion practice. The transcripts may have been used but there was absolutely no purpose for the video recordings and TTC has provided no evidence of any necessity. Plaintiffs object to TTC's video deposition costs for the witnesses Plaintiffs noticed:

- Carol Drutowski (Dkt. 193-3, p. 3):    $363.50 copy of video
- Todd Porter (Dkt. 193-3, p. 3):    $150.00 copy of video
- Derek Duchscherer & John Heckel
  (Dkt. 193-3 p. 4)    $488.64 copy of video
- Jim Fear (Dkt. 193-3, p. 5)    $869.44 copy of video

18.    Should the Court award costs, they should not include videos that were not necessary for any purpose. This would reduce the claimed costs here from $5,536.80 to $3,435.22 (a reduction of $2,101.58). This is set forth in Exhibit A.

19.    Therefore, should the Court award costs in this case over Plaintiffs' objection the maximum it should award from the claimed costs in Defendant TTC's Bill of Costs, Exhibit 3 (Dkt. 193-3) would be $3,435.22 (this includes the objected to fee of Dr. Karam and Dr. Fowler's deposition).

    **2. Video Deposition Costs of Defense noticed depositions.**

20.    Defendant TTC is also seeking video deposition costs of witnesses Plaintiffs intended to call for trial, meaning a video of them was wholly and entirely unnecessary. There

was absolutely no need and no point for Defendant TTC to videotape witnesses such as Plaintiffs' lay witnesses, Plaintiffs themselves, of Plaintiffs' experts. Nonetheless, Defendant TTC spent *thousands* on these unnecessary video depositions.

21.     Notably, there is also a large difference in the reasonableness of fees for the court reporters selected by Defendant TTC as well. The deposition video costs of the defense selected companies is extreme. Defendant TTC hired large court reporting companies that charged extravagant fees for video deposition services. For example, in Exhibit 4, p. 3 (Dkt. 193-4, p. 3), in addition to the stenographic transcript of Jennifer Hilman, a *party* to the case who will testify at trial, Defendant TTC had the matter videotaped and received a bill for **$2,128** for video deposition services as follows:

| Witness: Jennifer Hillman, day 1, 11/16/2022 | Quantity | Price | Amount |
|---|---|---|---|
| Video - MPEG/Digitizing | 6.00 | $90.00 | $540.00 |
| Video - Media and Cloud Services | 6.00 | $30.00 | $180.00 |
| Driving Time | 1.00 | $200.00 | $200.00 |
|  | Quantity | Price | Amount |
| Video - Initial Services | 1.00 | $295.00 | $295.00 |
| Video - Additional Hours | 6.00 | $115.00 | $690.00 |
| Video - Extended Hours | 1.00 | $173.00 | $173.00 |
| Video - Electronic Access | 1.00 | $50.00 | $50.00 |
| Notes: |  | Invoice Total: | $2,128.00 |

(Dkt. 193-4) This entire thing is unnecessary and the fact it is a jumble of nonsensical fees does not help support the costs as being reasonable or necessary. The Northern District of Illinois has noted that an award of costs should be "reasonable" as well. *Dishman v. Cleary, 279 F.R.D. 460, 465 (N.D.Ill., 2012)*

22.     The depositions of Rebekah and Jennifer Hillman were taken by Veritext and had extraordinary charges for video recording those depositions. The remainder of the depositions noticed by Defendant TTC were done by Esquire court reporting services and were done by Zoom

7

and Esquire charged exorbitant fees simply to hit the "record" button, charging as if a technician had appeared in person.

23.     Therefore, Plaintiffs object to the following unreasonable and unnecessary video deposition fees as follows:

- Jennifer Hillman:            $2,128.00
- Rebekah Hillman:             $1,825.00
- Jennifer Hillman (day 2):    $410.00
- David Darnell:               $637.50
- Eric Wheaton:                $400.00
- Tom Berry:                   $775.00
- Dale Berry:                  $375.00
- Shelly Kinney:               $375.00
- Kelly Kennett:               $762.50
- David Bilek:                 $1,140.00
- Tom Berry (2nd dep.)         $590.00

24.     In total, Defendant TTC spent **$9,418** on wholly unnecessary deposition videos that would never be used in *any* context, whether for trial preparation, motion practice, or anything of the like. They were wholly unreasonable but, more importantly, were in no way necessary under 28 USCA § 1920 and, as such, Plaintiffs object to these costs.

25.     Importantly, Toro's counsel states in his affidavit that "[a]ll of the depositions and the corresponding transcripts were used to prepare motions filed in this case…" (Dkt. 193-1, p.2) Note that nowhere in the affidavit does Toro's counsel attest that the video recordings of the depositions were necessary or used to prepare for motions. Toro's Bill of Costs (Dkt. 193) does not state the videos were necessary for anything either.

26.     The response to Defendant TTC's Exhibit 4 (Dkt.193-4) breaking down these costs is shown in more detail in Plaintiffs' Exhibit A.

27. Plaintiffs object to the costs of paying for unnecessary videos and, in addition, there were a myriad of unnecessary and unreasonable fees set forth in Defendant TTC's selected court reporters that were not present in the transcripts produced by the court reporters selected by Plaintiffs. These are set forth below.

### 3. Transcripts of Defense noticed depositions

28. Plaintiffs have a myriad of objections to the transcript fees set forth within Defendant TTC's noticed depositions. These objections include fees such as:

- In the depositions transcribed by Esquire an additional $35 fee for a condensed transcript on top of another fee for the regular transcript. This is charged <u>eight</u> times for a total of $280 being paid. Such fees are not necessary, this is purely for Defendant TTC's convenience. (Dkt. 193-4, p. 9-25)

- In the depositions transcribed by Esquire an additional $55 "Processing & Compliance" fee is charged on top of the appearance fee. Such a fee is not necessary, reasonable, or even clear what it is. (Dkt. 193-4, p. 9-25) This fee is charged <u>eight</u> times for a total of $440 in unnecessary charges.

- In the depositions transcribed by Esquire a "Remote Video Conferencing" fee of $150 was charged on top of the appearance fee. (Dkt. 193-4, p. 9-25) Defendants chose to have these depositions by Zoom rather than appear in person, where a Zoom fee would not have been paid. To pay a fee to have the court reporter run zoom as well as appear is not reasonable nor necessary for any case. This fee was charged <u>seven</u> times for a total of $1,050 in unnecessary charges.

- In one of the depositions transcribed by Esquire they included shipping costs of $27.50 for a 153-page deposition, which can easily be transmitted by email (as was done with all the other deposition transcripts), which is unnecessary and entirely for Defendant TTC's convenience. (Dkt. 193-4, p. 9)

- In two of the depositions by Esquire there were exorbitant expediting fees including. One deposition had a "5 Day Expedite" fee, which is entirely unnecessary for this case and is not reasonable that a fee to expedite a transcript be paid for the convenience of Defendant. (Dkt. 193-4, p. 13 – this is a $754.02 fee in the case of Tom Berry). Another deposition had a "Next Day Expedite" fee of $811.80, which was 110% of the cost of the transcript. (Dkt.193-4, p. 19, depo of Kelly Kennett). These were unnecessary and were merely for Defendant TTC's convenience.

9

- In the depositions by Veritext of Rebekah and Jennifer Hillman, there were "Litigation Package-Secure File Suite" charges, which 3 times across 2 depositions (Dkt.193-4, p. 4-5) at $53 per charge. This is $159 in unnecessary administrative charges that are unclear as to what exactly they are even for.

- In the depositions by Veritext of Rebekah and Jennifer Hillman there are three instances of Veritext charging an "Administration Fee" of $62.00. (Dkt.193-4, p. 4-5) This totals $186 in unnecessary administrative charges that are unclear as to what exactly they are even for.

- Continuing the cavalcade of unnecessary administrative charges, in the depositions by Veritext of Rebekah and Jennifer Hillman there are two instances of "Hosting & Delivery of Encrypted Files" charges, which are $28 per instance, which is $58 of unnecessary costs.

To be clear, if the Court awards costs over Plaintiffs' objection, then Plaintiffs would not object to the costs of: (1) an original transcript at $4.00 per page; (2) the appearance fees as charged (which are very high on their own); or (3) the cost of exhibits.

29.  The costs for delivery of deposition transcripts and administrative costs are ordinarily treated as ordinary business expenses and are not recoverable. *Hillmann v. City of Chicago,* 2017 WL 3521098, at *4 (N.D.Ill., 2017)

30.  Therefore, the charges for the transcripts including *only* the cost of the original transcript (at $4.00 per page), appearance, fee, and cost of exhibits is:

- Rebekah Hillman:       $1,120.50     (Dkt.193-4, p. 4)
- Jennifer Hillman:       $2,529.00     (Dkt.193-4, p. 5)
- David Darnell:          $822.00       (Dkt.193-4, p. 9)
- Eric Wheaton:           $720.00       (Dkt.193-4, p. 11)
- Tom Berry:              $1,196.65     (Dkt.193-4, p. 13)
- Dale Berry:             $576.65       (Dkt.193-4, p. 15)
- Shelly Kinney:          $812.00       (Dkt.193-4, p. 17)
- Kelly Kennett:          $659.10       (Dkt.193-4, p. 19)
- David Bilek:            $1,152.40     (Dkt.193-4, p. 22)
- Tom Berry (2nd):   $657.85       (Dkt.193-4, p. 24)

Reducing the depositions by the unnecessary and unreasonable video deposition costs and price gouging on administrative fees will reduce costs by $16,610.07. Therefore, if the Court does award costs the maximum should be $10,246.15 for the depositions noticed by Defendant TTC as this includes only the appearance fee and transcript costs, which are the only appropriate, recoverable costs. *See Dishman v. Cleary,* 279 F.R.D. 460, 467 (N.D.Ill., 2012*)* (holding that "[c]ourt reporter fees must be reasonable" and attendance fees and transcript fees are recoverable).

**D. Objection to transcript costs for status conferences or routine hearings.**

31. In Exhibits 5 and 6 Defendant (Dkt.193-5 and 193-6) TTC seeks to recover deposition transcript costs for three court hearings.

32. Illinois courts have held it is proper to deny hearing and status conference transcript costs where a defendant "did not explain or attempt to meet its burden to explain why transcribing this routine motions hearing was reasonably necessary". *Hillmann v. City of Chicago*, 2017 WL 3521098, at *7 (N.D.Ill., 2017) *citing to Piotrowski v. Menard, Inc.,* No. 13 C 5572, 2016 WL 7157353, at *3 (N.D. Ill. Dec. 8, 2016). While there may be some plausible reason for why the transcript is necessary, if a party has not articulated such a reason the Court need not speculate. *Id.* In the *Hillman* case, the court denied transcript cost for six court hearings, which included procedural or minimally substantive issues, such as motions to compel. *Id.*

33. Page 1 of Exhibit 5 (Dkt.193-5, p. 1) concerns an audio recording from a June 14, 2023 hearing in which Judge Hawley denied Defendant TTC's Motion for Reconsideration (Dkt. 84) of Privilege Claims and a Motion to Compel (Dkt. 79) as set forth in the Text Order dated June 14, 2023. Nowhere in Defendant TTC's Bill of Costs (Dkt.193) or the affidavit of counsel (Dkt.193-1) does Defendant TTC's counsel state that the *hearing* transcripts were necessary.

Furthermore, there is no evidence the transcript from this hearing was necessary for motion or trial preparation.[1]

34.     Exhibit 5, page 1 (Dkt.193-5) also reflects Defendant TTC ordered this transcript on an expedited basis, costing $4.85 per page.  Therefore, even if it were proper (it is not), the cost is too high.

35.     On page 2 of Exhibit 5 Defendant TTC ordered an expedited transcript of the October 12, 2023 hearing before Judge Hawley, which was a hearing on the Motion for Sanctions (Dkt.105), Motion to Amend Answers (Dkt.117), and Motion to Strike (Dkt.121) and all Motions were denied.  (Text Order 10/12/2023) Notably, this hearing occurred *after* the dispositive motion deadline and *after* Defendant TTC's Motion for Summary Judgment was filed.  There is no evidence brought forward by Defendant TTC that this transcript was reasonably necessary for anything and, as such, it should be denied.  Furthermore, even if it was appropriate, the cost was $4.70 per page and is too high given the established rates (it was higher because Defendant TTC ordered it on a 14-day expedited basis).

36.     Exhibit 6 (Dkt.193-6) is purportedly an invoice where Esquire court reporter services transcribed the audio from the April 26, 2023 hearing before Judge Hawley.  It is not entirely clear what this transcript is for as Plaintiffs' counsel notes there was a settlement conference on April 25, 2023 (Text Order April 25, 2023) Furthermore, the invoice states the "job date" is April 25, 2023, and the invoice date is April 26, 2023.  (Dkt.193-6) Therefore, assuming the job date references either the date the order was placed or the date of the transcript, it is impossible for the transcript to be from a hearing on April 26, 2023.

---

[1] Defendant TTC's affidavit by Attorney Thomas Grace (Dkt.193-1) states "[a]ll of the depositions and the corresponding transcripts were used to prepare motions filed in this case…".  Defendant TTC never makes the claim the cost of *hearing* transcripts was reasonably necessary and there is no evidence given by Defendant TTC such transcripts were actually used.

37. The transcript cannot be from the settlement conference either as the invoice references a "Tel. Status Conference". (Dkt.193-6) Regardless, all of this simply shows Defendant TTC has made absolutely no showing and provided no evidence this transcript is necessary. Even if it was, this transcript falls prey to the same "administrative markups" as the other Esquire transcripts and includes a "Next Day Expedite" fee of $321.75, which was done for Defendant TTC's convenience, as well as a condensed transcript (additional transcript) charge of $35, a digital transcript fee (additional transcript) of $50, a "processing & compliance" fee of $50, etc. The entirety cost ($898.90) for Exhibit 6 (Dkt.193-6) should be disallowed as a cost.

### E. Conclusion

38. Plaintiffs request that, given Defendant TTC's conduct in this matter, no costs be awarded at all. However, if costs are to be awarded, Plaintiffs object to unreasonable and unnecessary deposition transcript costs, and no more than $13,681.37 should be awarded for deposition transcripts and appearance fee costs as set forth in Exhibit A.

Respectfully submitted,

By: /s/ Andrew L. Mahoney

REBEKAH HILLMAN, individually and as next friend of P.J.H., a minor; and
JENNIFER HILLMAN Plaintiffs
Andrew L. Mahoney ARDC#6334171
Steven J Crowley Lead Counsel ARDC#6314756
Edward J. Prill ARDC#6271392
CROWLEY, PRILL & MAHONEY
3012 Division Street
Burlington, IA 52601
T: (319) 753-1330
F: (319) 752-3934
E: amahoney@crowleyprillattorneys.com
E: scrowley@crowleyprillattorneys.com
E: eprill@crowleyprillattorneys.com
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on *Tuesday, November 12, 2024*, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing:

Michael Giacopelli
Thomas Grace
Jonathan R. Sichtermann
McVey & Parsky, LLC
30 North LaSalle Street, Suite 210
Chicago, Illinois 60602
Email: mng@mcveyparsky-law.com
Email: tgg@mcveyparsky-law.com
Email: jrs@mcveyparskylaw.com

Jason Schiffman
Schiffman Firm, LLC
1300 Fifth Avenue
Pittsburgh, PA 15219
P: (412) 288-9444
F: (412) 288-9455
E: jason@SchiffmanFirm.com
ATTORNEY FOR PLAINTIFFS

Kirk T. Florence
Kilpatrick Townsend & Stockton LLP
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
P: (214) 922-7100
F: (214) 279-9194
kflorence@kilpatricktownsend.com
ATTORNEYS FOR THE TORO COMPANY